Commonwealth ex rel. Varronne *v.* Cunningham, Sheriff (et al., Appellant).

Argued April 18, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *Robert T. Grannis,* District Attorney, *Robert M. Mountenay,* Assistant Deputy Attorney General, *Harrington Adams,* Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for Commonwealth, intervening appellant.

*Clyde P. Bailey,* with him *Dean D. Sturgis, O. Jacob Tallman, Tallman & Walker, Bailey & Geary* and *Livengood & Nissley,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 22, 1950:

Section 903(g) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, provides that "No truck tractor and semi-trailer combined . . . shall be operated upon any highway with a gross weight in excess of forty-five thousand (45,000) pounds, or in excess of twenty thousand (20,000) pounds on any axle, or in excess of eight hundred (800) pounds on any one wheel for each nominal inch of width of tire on such wheel; axle or axles of semi-trailer shall not be less than ninety-six (96) inches from the axle of the truck tractor."

The penalty clause attached to this section, as amended, is as follows: "Any person . . . operating any vehicle on any highway with a gross weight exceeding by more than ten (10) per centum the maximum gross weight allowed, shall, upon summary conviction before a magistrate, be sentenced to pay a fine of fifty ($50) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days."

"Gross weight" is defined in section 102 of the Code, as amended, as "The combined weight of the vehicle or combination of vehicles and its or their load or loads, exclusive of the operator."

On January 17, 1950 Vincent Varronne, operating a truck tractor and semi-trailer on a public street in Franklin, Venango County, was stopped by a member of the Pennsylvania State Police. Upon the tractor and trailer being weighed it was found that the gross weight was 78,540 pounds, the weight on one of the axles of the trailer was 22,760 pounds, on the other axle 23,800 pounds, on the rear axle of the tractor 28,920 pounds; apparently the weight on the front axle of the tractor was within the permissible weight limitation. Four informations were lodged with an alderman alleging violations of the Code as to the gross weight and as to the weight on each of the three axles. Varronne pleaded guilty to all four informations and, in default of the payment of fines, was committed to prison for a period of 40 days,—10 days for each offense. He filed a petition for a writ of habeas corpus in the court of Common Pleas of Venango County; after hearing, the court, on January 26, ordered the relator discharged from further custody, upon payment of the costs on one information. The Commonwealth appeals from that order, claiming that the imposition of a ten day penalty of imprisonment on each charge was proper.

Under section 903(g) of The Vehicle Code a person who operates on a highway a combination of a truck tractor and semi-trailer violates the statute if the weight on any axle is in excess of 20,000 pounds; he also is guilty of a separate violation of the statute if the gross weight of the combined vehicles and their loads is in excess of 45,000 pounds. A violation of the provision in regard to the weight on an axle does not constitute a violation of the gross weight, and, vice versa, a violation in regard to the gross weight does not necessarily in-

volve a violation in regard to the weight on any of the axles because the overall weight may be excessive but may be so distributed as not to overload the individual axles. But while, therefore, section 903(g) covers separate and distinct offenses, and while the relator did commit four such offenses the establishment of each of which required proof of a fact not common to the others, the question with which we are here concerned is whether the statute *provides penalties* for each such offense. Since no common law crime is involved no penalty can be imposed by the court unless the statute itself provides such a penalty, and, being a penal statute, it is subject, of course, to the rule of strict construction. The only penalty which it does provide is in regard to the operation of a vehicle with a gross weight exceeding the specified maximum; there is no penalty prescribed for operating a vehicle with an excessive weight on any axle or any wheel or for having axles of the semi-trailer less than 96 inches from the axle of the truck tractor. The omission of such penalties is the more significant in view of the fact that section 903 of the Code as originally enacted in 1929 provided that a person violating *any* of the provisions of the section should be sentenced to pay a specified fine and in default of the payment thereof undergo imprisonment for not more than ten days, but this penalty clause was amended by the Act of June 29, 1937, P. L. 2329, by eliminating the words "violating any of the provisions of this section" and instead limiting penalties to the operation of vehicles in excess of the permissible gross weight. Whether the failure to provide penalties for the violation of the other prohibitions in the section was intentional on the part of the legislature or merely an oversight is here immaterial; the court must construe the statute according to its terms as enacted.

The order discharging the relator from further custody is affirmed.