Commonwealth *v.* Glover, Appellant.

Argued November 10, 1959.   Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE,
JJ.

*Herman I. Pollock,* Defender, with him *Bernard Edelson,* Assistant Defender, for appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY MR. JUSTICE McBRIDE, November 25, 1959:

This is an appeal from a decision of the Superior Court affirming the judgment of sentence of the Court of Quarter Sessions of Philadelphia County. On July 17, 1958, appellant was tried and convicted of giving away drugs in violation of the Drug Act of 1957, P. L. 1013, §1, 35 P.S. §865. Even though this itself is an offense, there was evidence that he was to receive in the future some consideration for the transfer. He was thereafter sentenced to the Eastern State Penitentiary for a term of not less than five years nor more than ten years. The evidence relating to the transaction on which appellant was sentenced was that he shared narcotics he was keeping for his own personal use with a fellow user when the latter, saying that he was sick, pleaded with appellant for some drugs. At the time of sentencing the trial judge said that he believed the sentence to be "quite excessive" and was imposing it only because he believed it was mandatory under §12 of the Act of July 11, 1917, P. L. 758, as last amended by the Act of July 19, 1957, P. L. 1013, §1, 35 P.S. §865.

The Act, in pertinent part, provides: "Any person who sells, dispenses or gives away any drugs in violation of the provisions of this act shall be guilty of a felony, and, upon conviction thereof, shall be sentenced as follows: for a first offense, to pay a fine not exceeding five thousand dollars ($5000) and to undergo imprisonment by separate or solitary confinement at labor of not less than five (5) years and not exceeding ten (10) years; . . ."

There is no question that it is within the province of the legislature to pronounce what acts, in addition to those recognized at common law are crimes and to fix the punishment of all crimes whether statutory or common law. *Commonwealth ex rel. Lycett v. Ashe*, 145 Pa. Superior Ct. 26, 20 A. 2d 881. The legislature has the right to fix the maximum penalty and likewise can, if it sees fit, name the minimum. If it does so it does not thereby violate Article V, Section 1 of the Constitution, vesting judicial powers in the courts. *Commonwealth v. Sweeney*, 281 Pa. 550, 127 A. 226; *Commonwealth v. Kalck*, 239 Pa. 533, 87 A. 61. The only question presented on this appeal is, has the legislature exercised that power in this statute, and, if so, in what respect?

It is appellant's contention that when the act says that the defendant shall "undergo imprisonment by separate or solitary confinement at labor of not less than five (5) years and not exceeding ten (10) years" it means that his *maximum* sentence shall be not less than five years nor more than ten years.[1] On the other hand the Commonwealth contends that the Superior Court and the trial court both correctly interpreted this provision of the Drug Act as imposing a manda-

---

[1] He agrees, of course, that in that event the minimum sentence would be not more than half the maximum in conformity with the provisions of the Act of June 29, 1923, P. L. 975, as amended, 19 P.S. §1057.

tory minimum sentence of five years and a mandatory maximum sentence of ten years. In effect, therefore, it contends that the only sentence which can be imposed is a sentence of five to ten years. It must be conceded that such an interpretation would be a reasonable one.

However, our interpretive approach must, of course, be based on the premise that this is a penal statute and as such must be strictly construed. See Act of June 24, 1939, P. L. 872, §1104, 18 P.S. §5104; Act of May 28, 1937, P. L. 1019, Article IV, §58, 46 P.S. §558; *Commonwealth ex rel. Varronne v. Cunningham,* 365 Pa. 68, 73 A. 2d 705. In *Commonwealth v. Exler,* 243 Pa. 155, 162, 89 A. 968, we said: ". . . when a criminal statute calls for construction it is not the construction that is supported by the greater reason that is to prevail, but that one which, if reasonable, operates in favor of life and liberty: . . ." See also *Commonwealth v. Standard Oil Company,* 101 Pa. 119.

We conclude that a reasonable and sensible interpretation is that the court must impose a sentence of imprisonment by separate or solitary confinement at labor and that the maximum sentence shall be for a period of not less than five years nor more than ten years, the precise maximum between those limitations being in the discretion of the court.[2] The precise minimum sentence is also in the discretion of the sentencing judge subject only to the requirement that it shall not exceed more than one-half the maximum sentence (Act

---

[2] This conclusion is in accord with that part of the Act which provides as follows: "For any offense the penalty for which is provided in this paragraph, the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted by the court." Thus it is clear that the court has no power of parole. For sentences of two years or more only the Parole Board has power of parole. Act of August 6, 1941, P. L. 861 et seq., as amended, 61 P.S. §331.1 et seq.

of June 29, 1923, as amended, supra) and in no event more than five years. This interpretation is further borne out by the use of the phrase "and not exceeding ten (10) years". If we were to interpret this act so that the trial judge must impose a minimum sentence of five years and a maximum sentence of ten years, of what effect would be the words *"not exceeding"* ten years as applied to the maximum term? The word "sentence" when unmodified by the words "maximum" or "minimum" necessarily refers only to the maximum sentence for that is the legal sentence. The minimum sentence is merely an administrative notice by the court to the parole board that the question of parole might, at its expiration, properly be considered. *Commonwealth v. Kalck,* supra; *Commonwealth ex rel. Lycett v. Ashe,* supra.

When the legislature has desired to provide for a mandatory minimum in the past it has done so in unequivocal language. In the Barr-Walker Act, Act of January 8, 1952, P. L. (1951) 1851, 19 P.S. §1166, the court was given the power to sentence certain sex offenders "to a state institution for an indeterminate term having a minimum of one day and a maximum of his natural life." The words "minimum" and "maximum" are noticeably missing from the sentencing provision of the Drug Act of 1937, supra. The trial court's opinion was based upon the belief that the Superior Court had decided that a minimum sentence of five years and a maximum sentence of ten years is mandatory in the case of *Commonwealth v. Bozzi,* 178 Pa. Superior Ct. 224, 116 A. 2d 290. However, in the *Bozzi* case, the question of whether the penalty provisions of the Drug Act indiscriminately required the imposition of a sentence having a five year minimum and a ten year maximum was not raised or passed upon by the Superior Court. Indeed, the Superior Court in *Bozzi* did not have to decide what the term of the minimum or maxi-

mum sentence may or must be because the trial judge there said: "Having read the Act very carefully, I conclude that while it is possible that there may be some attempt to restrict the discretionary power of the Judge in sentencing, in this particular case it has not affected my discretion in the slightest, because were I to have full choice my sentence would be the same."

Anything to the contrary of our present holding, which was stated by the Superior Court in footnote 1 to its opinion in *Commonwealth v. Todd,* 186 Pa. Superior Ct. 272, 142 A. 2d 174, is hereby overruled.

The judgment of the Superior Court is reversed and the case is remanded to the Court of Quarter Sessions of Philadelphia County for resentencing.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

I agree with Judge FLOOD and a unanimous Superior Court in their interpretation of the Drug Act of 1957[*] I believe that the Act is mandatory and that a reasonable interpretation thereof means a minimum sentence of five years and a maximum sentence of ten years. There is no magic in, nor necessity for, the use of the words "maximum and minimum"; I cannot understand how the Act can be interpreted as the majority construes it.

---

[*] I likewise agree with Judge FLOOD that the punishment prescribed by the Act is too harsh.