## Commonwealth ex rel. Milk Commission of Pennsylvania v. Travaglini

*Samuel B. Brenner*, for appellant.
*William Steerman*, for appellee.

GRIFFITHS, J., October 3, 1963.—This matter came before us on an appeal from a summary conviction before a magistrate. Defendant was charged with violation of section 401 of the Milk Control Law of April 28, 1937, P. L. 417, as amended July 24, 1941, P. L. 443, 31 PS §700j-401, providing as follows:

"Except as herein otherwise specifically provided, a milk dealer or handler, as defined in this act, shall not buy or handle milk, whether as a broker, factor, bailee, consignee, or otherwise, and whether or not by contract or operation of law title passes to the handler, from producers or others within this Commonwealth for storage, consignment, brokerage, manufacture, processing, distribution, or sale within or without this Commonwealth, or manufacture, process, handle, sell or distribute milk within this Commonwealth, unless such dealer or handler be duly licensed as herein provided; and it shall be unlawful for a milk dealer or handler to buy or receive milk from, or sell or consign milk to, or handle as broker, factor, consignee or otherwise, milk for, a milk dealer or handler who is not

either licensed or exempted as herein provided, or, in any way, to deal in or handle milk which he has reason to believe has previously been dealt in or handled in violation of the provisions of this act."

No testimony was transcribed before the magistrate, and before us the facts were stipulated as follows:

"MR. STEERMAN: It is stipulated by and between Mr. Brenner and myself as counsel for the Commission that the defendant has been engaged in the milk industry within this Commonwealth since February 19, 1963, by soliciting sales from storekeepers and wholesale customers, whereby milk and milk products are being furnished such storekeepers or wholesalers, and defendant is compensated as follows by Country Maid Dairies, in accordance with an agreement entered into between this defendant and Country Maid Dairies: (1) The defendant is paid commissions monthly by Country Maid Dairies for the total volume of sales made during the preceding month and no deductions are made from these payments for Social Security or any other taxes.

"(2) The defendant solicits business, wherever and whenever he desires, on behalf of Country Maid Dairies, but Country Maid has no voice as to when the defendant shall solicit business on their behalf.

"It is also stipulated if it might be of assistance to Your Honor that salesmen who are employees of licensed dealers, and I use the word employees in quotes, are not required to have licenses."

Defendant, therefore, obtains orders for delivery of Country Maid Dairies products. Country Maid is a dealer and licensed as such. Inasmuch as defendant does not receive a salary from Country Maid, in which case it is admitted as a salesman he need not be licensed, but rather commissions, the Commonwealth contends he must be licensed under section 401 as a handler, stating specifically that he handles milk products as a broker.

Defendant contends that "broker" is excluded from the definition of "handler" in two sections of the act, and a broker, who has no physical possession, need not be licensed.

After consideration of the applicable sections, we agreed with defendant's contention, sustained his appeal and discharged him.

While it is true in section 103 of definitions, "handle" is said to mean "broker", it is also true that under the definition of "milk dealer" or "handler", the word "broker" is conspicuous by its absence. The closest the definition comes to such is "who purchases or receives or handles on consignment or otherwise", clearly implying physical possession of milk before one is designated a "handler". Again in section 403, on applications, under subparagraph (5), a requirement for a "handler" is that he have "adequate technical and physical facilities properly to conduct the business of *receiving and handling milk*" which just as clearly implies physical possession. (Italics supplied.)

As far as section 103, under the definition of "handle", including "broker" is concerned, this must be read in light of the definition of "milk dealer" or "handler" of the same section on definitions, and in light of section 403 (5) on applications. They are in pari materia and are to be construed together: Act of May 28, 1937, P. L. 1019, art. IV, sec. 62, 46 PS §562. When they are construed together, it is clear that "handle" relates to one *physically* handling milk, and that "broker" would apply only to a broker who physically handles milk, which this defendant does not. Such definition of "handle" also conforms to the dictionary definition, which is:

"Handle. To touch; to feel with the hand; to hold, take up, move, or otherwise affect, with the hand; to use the hands upon": Webster's New International Dictionary, 2nd ed.

We are also constrained by the familiar law that a penal statute must be strictly construed. Further, a construction, if reasonable, that operates in favor of life and liberty is to be adopted: Act of June 24, 1939, P. L. 872, sec. 1104, 18 PS §5104; Act of May 28, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558; Commonwealth v. Exler, 243 Pa. 155, 162 (1914) ; Commonwealth v. Glover, 397 Pa. 543, 546 (1959).

For the foregoing reasons, we sustained the appeal and discharged defendant.