Alfred F. Samenga, J.
Defendant is charged with a violation of subdivision 8 of section 385 of the Vehicle and Traffic Law, one of the several sections relating to overweight.
*209 Factually, on October 23, 1968, on Merrick Avenue in East Meadow, at 9:30 a.m., Patrolmen McGoldriek and Hansen, members of the Nassau County Loadometer Squad on assignment to check overload violators, stopped the defendant’s vehicle. The driver-operator of the Mack tank oil truck advised he was transporting 3,500 gallons of number two fuel oil. On this information, the officers informed the defendant that his vehicle weight was to be checked.
Using equipment specifically designed for this purpose, the police placed a weight loader under each rear wheel of defendant’s vehicle. The recorded weight on the left rear wheel when mounted on the scale resting on level ground was 13,400 pounds and the weight on the right rear wheel under the same conditions was 15,000 pounds, or a total of 28,400 pounds.
The registered weight of the vehicle was 18,780 pounds and the gross weight 28,400 pounds. Under subdivision 8 of section 385 of the Vehicle and Traffic Law, the total axle weight permissible was 22,400 pounds demonstrating an overweight of 6,000 pounds.
Essentially, the defendant urges that four district methods of determining overloads or overweights are outlined within the language of section 385 of the Vehicle and Traffic Law and that the People erroneously charged the defendant with a violation of subdivision 8 of section 385. Further, since regulations as to overload and overweight are statutory in nature, they are to be strictly construed and interpreted in the light of legislative intent.
The People, on the other hand, argue constitutionality, reasonable exercise of police power, legislative authority and absence of Federal prohibition in this area relating to established State criteria of road usage.
As to strict statutory interpretation, the defendant cites Commonwealth ex rel. Varronne v. Cunningham (365 Pa. 68), wherein the Pennsylvania court construed subdivision (g) of section 903 of title 75 of the Pennsylvania Code, premised on the failure of same to outline or set forth a penalty for axle weight violation as distinguished from the penalty set forth therein for gross weight violation. The court’s reasoning that a gross weight violation, punishable under the statute, could be so distributed as to not overload the individual axle or, conversely, include an axle weight violation, was logical and represented strict statutory interpretation and resulted in dismissal of the charge.
The court finds no analogy between the Varronne decision premised on interpretation of the penalty provisions of subdivi *210 sion (g) of section 903 of title 75 of the Pennsylvania Code inasmuch as the New York statute, subdivision 1.9 of section 385 as to fine, imprisonment and suspension of registration for violations, is clear, precise and definable. In addition, subdivisions 6 through 11 of section 385 admittedly set forth and outline the methods of determining the weight totals as well as permissible what total weight of the vehicles described therein.
Defendant further argues that since subdivisions 6 and 7 of section 385 of the Vehicle and Traffic Law relate to tire weight overloads, and subdivision 8 of section 385 of the Vehicle and Traffic Law, the violation charged herein refers to axle weight overload, the People, having submitted evidence based on tire weight overload, have brought an improper charge against the defendant which is, therefore, dismissible.
We reject this argument as not valid or applicable for reasons hereinafter set forth.
Finally, the defendant submits in concurrence with the People’s position that legislative intent must be read into the interpretation of section 385 of the Vehicle and Traffic Law. Such legislative intent with which the court agrees can be found in part in the report of the Governor’s Special Committee on Vehicle Weights and Dimensions, dated January 10, 1969, wherefrom the following is excerpted: “ Weight and Dimension laws are essential both for highway safety and preservation. * * * A pavement * * * has several functions * * * (b) to assist in distribution of wheel load * # * so that high concentration of weights is avoided. * * * Generally, enforcement efforts are aimed at axle weight violations rather than gross weight violations * * * the axle weight violations have more serious consequences from the highway maintenance viewpoint. * * * Thus, it appears that the legislative intent and concern relates to the weight on the road, whether that weight is on any one axle or wheel or on the entire frame of the vehicle, which weight in turn is transmitted to the p avement. ’ ’
Bv legislative intent, as hereinabove expressed, subdivision 5 mandates that “only two wheels shall be counted for each axle”- subdivision 6 that “the weight per inch width of tire on any one wheel * * * shall be not more than eight hundred pounds ’ ’; subdivision 7, that ‘ ‘ the weight on any one wheel * * * shall be not more than eleven thousand two hundred pounds; and subdivision 8 that ‘ ‘ the Avcight on any one axle * * * shall be not more than twenty-two thousand four hundred pounds. (Italics added.)
*211 We note that the weight limit prescribed for the axle, subdivision 8, is exactly twice that permissible of a wheel, outlined in subdivision 7.
A further reading reflects the clear intent and purpose of the statute to control a tire weight violation by a per inch width weight limit for each tire on a wheel — subdivision 6 — and a weight on a wheel limit regardless of the number of tires on a wheel — subdivision 7. Both methods relate in intent to a single tire or single wheel weight limit. If the violation charged to the defendant related to an overload of any one wheel or any one tire, the defendant’s argument that the subdivision charged against the defendant was improper would merit consideration. Here, however, based on the review and interpretation of the subdivisions of section 385, we are dealing with a two-wheel weight total reflecting an axle overload in violation of subdivision 8 of section 385.
At best, granting the defendant’s argument as to the methods of determining weight limits there is an interchange of the words wheel, tire and axle, however, we find, only to the extent that is required to outline and confirm a per inch width weight of tire to 800 pounds, a wheel weight limit to 11,200 pounds, regardless of tire width or total, and an axle or two-wheel limit of 22,400 pounds. (See subd. 5.)
The weight-on-the-wheel and weight-on-the-axle allegation, on a semantic basis, can be distorted to argue that the weight on the axle shall exclude the weight of the wheels as well as the weight of the axle and its complementary parts.
The virtual illogic of jacking the vehicle on its rear axle to remove the wheels from weight exclusion is furthered by the inference that weight on the axle requires eliminating the axle weight from consideration of overweight violation. In addition, the removal of the wheels and/or the axle from the vehicle would render same inoperable and, thus, not subject to section 125 of the Vehicle and Traffic Law which defines a motor vehicl as any ‘1 vehicle * * * operated or driven * * * by any power other than muscular power ”. This result, not subject to the Vehicle and Traffic Law or eliminating the axle and its complementary parts from the total weight, is bizarre, unrealistic and strained.
Accordingly, the court concludes that the manifest legislative intent was the maintenance of the safety and preservation of the highways, and that section 385 and its subdivisions thereof were enacted by the Legislature to effect this intent; that the provisions of the various subdivisions of section 385 are clear, *212 precise and logical with regard to tire width, wheel and axle overweights, with definitive penalty deterrence.
Therefore, it is the finding of this court that the defendant was properly charged with a violation of subdivision 8 of section 385 of the Vehicle and Traffic Law and that the means utilized by the People to establish the overload were logical, reasonable, consistent with legislative intent and in conformity with the provisions of subdivision 8 of section 385. (See Matter of Drake v. Comptroller of City of New York, 278 App. Div. 317; Matter of Chatlos v. McGoldrick, 302 N. Y. 380; Matter of Wing v. Ryan, 255 App. Div. 163; Archer v. Equitable Life Assur. Soc., 218 N. Y. 18.)
This matter is restored to the Traffic Part I Calendar for sentence on the 23d day of July, 1969.