### Commonwealth v. Grace

*Robert W. Geigley,* for appellant.

*Murray B. Frazee, Jr.,* for School District.

MacPHAIL, P. J., October 24, 1969.—This is an appeal from a summary hearing at which defendant was found guilty of a violation of the compulsory school attendance provisions of the Public School Code of March 10, 1949, P. L. 30.

Merton E. Grace, II, age 15, and Patrick Grace, age 13, children of defendant, were both regularly enrolled in the Gettysburg schools during the school year 1968-69. Merton was absent on December 2 and 3, 1968. His mother sent a note to the school stating that he was deer hunting on those dates. On January 15, 1969, Merton was absent again and his mother sent a note to the school that he was at the farm show. On May 5, 1969, Merton was absent a fourth time and

his mother sent a note to school stating that he was helping with work at home.

Patrick was also absent on December 2nd and 3rd and on January 15th. He was not absent on May 5th but he was absent May 6th. Similar notes were sent by Mrs. Grace to the school authorities for Patrick as had been sent for Merton.

On January 30, 1969, the attendance officer sent a notice to defendant on a form which reads as follows:

"School District's Official Notice of Absence to Parents — You are hereby notified that (name of pupil) has been absent from school three days or more, or their equivalent. Such non-attendance without lawful excuse is a violation of the Compulsory Attendance Law of this Commonwealth. You are therefore notified to return said child to school at once and show lawful reason to the undersigned for said child's absence. Failure on your part to do this makes you liable to the penalty imposed by the Pennsylvania Public School Code."

After the absences on May 5th and 6th, the attendance officer filed an "Information Form" with the justice of the peace pursuant to which that officer issued a summons to defendant to appear before him for alleged violations of the compulsory attendance provision of the Public School Code. After a hearing, defendant was found guilty and this appeal followed.

At the hearing before us, the only witness to appear on behalf of the school authorities was the attendance officer who testified that the absences of both Grace boys on all occasions were unexcused absences under attendance regulations adopted by the school. The regulations were not offered into evidence at the hearing. The witness also testified that the only notice sent to defendant concerning the absences was the form previously set forth in full herein.

Section 1333 of the Public School Code provides, in part, as follows:

"Before any proceedings are instituted against any parent, guardian, or person in parental relation, for failure to comply with the provisions of this act, the district superintendent, supervising principal, attendance officer or secretary of the board of school directors, shall give the offending person three (3) days' written notice of such violation. If, after such notice has been given, the provisions of this act regarding compulsory attendance are again violated by the persons so notified, at any time during the term of compulsory attendance, such person, so again offending, shall be liable under the provisions of this section without further notice."

It would seem then, that in order for defendant to be guilty of a violation with which he is here charged, two things must be shown by the school district. (1) An unexcused absence followed by a notice thereof to defendant, and (2) an unexcused absence after receipt of said notice.

Section 1327 provides for compulsory attendance at the schools and section 1329 provides for "excuses" from attending school. The latter section, 1329, states that every *principal* or *teacher* may excuse any child for nonattendance during the temporary periods "on account of any mental, physical, or other urgent reasons, . . . but the term 'urgent reasons' shall be strictly construed and shall not permit of irregular attendance." There is no further elaboration in the statute as to what constitutes "other urgent reasons." It appears, therefore, that the interpretation thereof is left largely to the discretion of the principal or teacher involved. There was nothing in the hearing before us to indicate how that term is interpreted generally, how it was interpreted in this specific case,

or how the policy was administered by the authorities involved in the present case.

Assuming that one of the three absences mentioned in the notice sent to Mr. Grace was unexcused, we then come to the question of the sufficiency of the notice which was sent to defendant. Under section 1333 of the code, supra, the purpose of that notice should be to advise the person receiving it that a violation has occurred and the consequences of a future violation. The form notice sent to defendant in this case says that the student was absent three or more days or the equivalent thereof. The notice does not say that the student was illegally absent. The notice says that nonattendance "without lawful excuse" is a violation of the law, but that statement makes no reference whatsoever to the specific absences mentioned in the notice. The notice says that the student is to be returned to school at once, but in this case both students were already in school. The notice says that the parents should show lawful excuse for the child's absence, but here the evidence is that the parents had sent written notes explaining those absences.

However, it is the last sentence of the form notice that is most confusing. The plain meaning of the language used is that if the recipient of the notice does not return his child to school and does not show lawful reason for the child's absence from school, he, the recipient, will be penalized for the specific absence mentioned in the notice. There is a complete absence of any language about what will happen if there are any further violations. Even more importantly, there is a complete absence of any language which would inform defendant that he was already in violation of the compulsory attendance provision.

Obviously, the specific provision of the code under which defendant was arrested is a penal statute which

must be strictly construed, albeit, with common sense: Commonwealth ex rel. Varronne v. Cunningham, Sheriff, 365 Pa. 68 (1950), and Commonwealth ex rel. Dugan v. Ashe, 342 Pa. 77 (1941). The minimum that a valid notice should state to comply with section 1333 is that: (1) The child was absent from school on a certain date; (2) the absence was an unexcused absence; (3) the unexcused absence constitutes a violation of the compulsory attendance provision of the Public School Code; (4) the law requires that the parent, guardian, etc., of the student be notified of this fact; (5) an unexcused absence constitutes a summary offense under the Public School Code for which penalties may be imposed against the parent, guardian, etc., and (6) if the student is illegally absent again, the parent, guardian, etc., will be charged before a magistrate or justice of the peace without further notice from the school authorities.

In this case, the notice given to defendant does not properly inform him that there was a violation of the compulsory attendance provision of the Public School Code. Accordingly, the provisions of section 1333 have not been met. Since a valid notice of violation is a condition precedent to finding defendant guilty of a subsequent violation of the compulsory attendance provision, this appeal must be sustained.

## ORDER OF COURT

And now, October, 24, 1969, the appeal is sustained and defendant is found not guilty. Costs to be paid by the Gettysburg Joint School System.