## Commonwealth *v.* Gomori, Appellant.

Argued November 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Herman M. Rodgers,* with him *Rodgers, Marks and Marks,* for appellant.

*Joseph J. Nelson,* First Assistant District Attorney, with him *Robert F. Banks,* Assistant District Attorney,

and *Edward M. Bell,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 12, 1970:
Judgment of sentence affirmed.

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

Appellant was convicted by a jury of burglary and possession of burglary tools. The sole burglary tool introduced into evidence was a wooden ladder. The ladder was found near an unlocked window, on the second floor roof, of a building which appellant had entered unlawfully. The trial court overruled appellant's demurrer to the evidence and denied his motions in arrest of judgment and for a new trial. This appeal followed.

Section 904 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 P.S. §4904, provides as follows: "Whoever has in his possession any tool, false-key, lock pick, bit nippers, fuse, force-screw, punch, drill, jimmy, or any *material, implement, instrument or other mechanical device, designed or commonly used for breaking into any* . . . dwelling house, or door, shutter or window of a building of any kind, with the intent to use such tools or instruments for any of the felonious purposes aforesaid, is guilty of a misdemeanor. . . ." [Emphasis added.]

The duty is imposed upon us by the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. IV, §58, 46 P.S. §558, as well as Section 1104 of The Penal Code, 18 P.S. §5104, to construe the provision of The Penal Code strictly. Compare *Commonwealth ex rel. Varronne v. Cunningham,* 365 Pa. 68, 73 A. 2d 705 (1950), with *Commonwealth v. Mason,* 381 Pa. 309, 112 A. 2d 174 (1955). The doctrine of "strict construction" is amply summed up by the following passage:

"The courts are, on the one hand, to refuse to 'extend the punishment to cases which are not clearly embraced' in the statutes; on the other hand, to refuse, 'by any mere verbal nicety, forced construction, or equitable interpretation, to exonerate parties plainly within their scope.' At the same time, in matters of reasonable doubt, this doubt is to tell in favor of liberty and life." 1 Wharton, Criminal Law, §40 (Ruppenthal 12th ed. 1932) [Footnotes omitted.] See also *Commonwealth v. Glover*, 397 Pa. 543, 156 A. 2d 114 (1959); *Commonwealth v. Exler*, 243 Pa. 155, 89 A. 968 (1914); *Commonwealth v. Standard Oil Co.*, 101 Pa. (5 Out.) 119, 150 (1882).

Under a strict construction of Section 904, is a ladder a burglary tool?

Section 904's most general language indicates that a "burglary tool" is to have three attributes: (1) It must be some "material, implement, instrument or other mechanical device." The examples listed by the statute are in the nature of hand tools. (2) The device must be "designed or commonly used" for the purpose of breaking into. The examples listed by the statute are devices made specially or particularly suited for burglarizing. (3) The device must be "used for breaking into."

A ladder could be considered a "mechanical device." It is, however, unlike the other devices listed by the statute because it is not a hand tool. Moreover, it is not "designed" for burglary, and it is questionable whether it is "commonly used" in burglaries. Finally, a ladder is not a device that is "used for breaking into." Certainly it makes it easier to break into by giving access to windows and doors not otherwise available. But the examples listed by the statute are peculiarly concerned with the actual opening up and breaking of windows and doors rather than with the obtaining access thereto. If there remains any doubt

that a ladder is not a burglary tool, a construction "in favor of life and liberty" would require that we so find.

Such a finding, finally, is supported by the relevant Supreme Court case on the subject. In *Commonwealth v. Clinton*, 391 Pa. 212, 217-218, 137 A. 2d 463 (1958), the Supreme Court, in reversing our Court, said: "The Commonwealth failed to present any evidence whatsoever that the tools found in Clinton's car were 'designed or commonly used for breaking into any vault, etc.,' an indispensable feature in a conviction under this statute. In affirming the conviction of the Court of Quarter Sessions, the Superior Court said, with reference to Clinton's tools: 'If they are suitable for felonious breaking and entering, it is immaterial that they can be adapted also for lawful uses.' This is not the law. There are many tools and implements which are suitable for felonious breaking and entering, the possession of which would not subject the possessor to criminal prosecution. Saws, hammers, nails, tongs, awls, knives, mattocks, scythes, files, pliers, gimlets, pincers, wrenches, gauges, and spatulas, all can be used for breaking and entering a house, but they still retain their non-criminal status. With the countless types of do-it-yourself kits, there are hundreds of other tools and instruments which are supposed to be of service to the mechanically or non-mechanically inclined householder in holding his house together, keeping the plumbing operating, and preventing the roof from caving in. Even a corkscrew can be employed to get into a house, but the law would come to a sorry pass indeed if the possessor of a corkscrew had to prove that the corkscrew on his key ring had no purpose other than that of opening ketchup or more fluent bottles."

With respect to the burglary conviction, I find there is sufficient evidence and would therefore affirm judgment of sentence with respect thereto.

In conclusion, I would vacate judgment of sentence with respect to the possession of burglary tools only. I would affirm appellant's concurrent sentence for burglary.

MONTGOMERY and CERCONE, JJ., join in this concurring and dissenting opinion.