**UNITED STATES of America ex rel. Harvey SMITH**

**v.**

**Joseph R. BRIERLEY, Supt.**

**Civ. A. No. 70-2264.**

United States District Court, E. D. Pennsylvania.

Feb. 4, 1971.

Harvey Smith, pro se.

T. Michael Mather, Asst. Dist. Atty., and Arlen Specter, Dist. Atty., Philadelphia, Pa., for respondent.

**MEMORANDUM AND ORDER**

JOHN W. LORD, Jr., District Judge.

This Court is now asked to consider the eighth civil action brought by Harvey Smith, which alleges a) a defective search warrant; b) arrest without probable cause; c) ineffective assistance of counsel; and d) illegal sentence. Upon

---

consideration of the briefs submitted, this Court finds that an independent evidentiary hearing is not required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ Relator has exhausted his state court remedies, having attacked some aspect of his arrest, trial and/or sentence on at least six different occasions. See, inter alia, Commonwealth v. Smith, 216 Pa.Super. 746, 258 A.2d 330 (1969); Commonwealth v. Smith, 217 Pa.Super. 769, 268 A.2d 243 (1970).

■ With regard to the defective character of the search warrant, we will quote at some length from the warrant to dispose of the allegation that the police acted without probable cause. On September 12, 1966, Officer Fortunato Larusso, Badge No. 2849, Special Investigation Squad, Philadelphia Police Department, secured Search and Seizure Warrant No. 59396 from Magistrate Malone at approximately 9 or 10 A.M. The warrant stated in part:

*Name of Owner, Occupant of Premises and/or Person to be Searched*—Colored male known as 'Harvey' app. 5'-9", 155 lbs. with close grouped graying hair.

*Address and Description of Premises and/or Person to be Searched*—Vicinity of 19th & Norris Sts.

*Describe Property to be Seized*—Narcotics (heroin).

*Violation of*—P.L. 282, 7–11–17, Sections 4 & 5.

*Date of Violation*—9/12/66.

*Probable Cause and/or Reasonable Grounds*—Information received from a reliable source. I have known this informant for about five years and he has given me numerous arrest (sic) in the narcotic (sic) area. Of the arrest (sic) he has given me 90% of the cases resulted in the conviction of the defendant's (sic). My informant stated to me that he had a meet with the above named person earlier this morning and that at that time after my informant xxxxxxxxxxsx (sic) narctics (sic) Harvey has a large packet of dope wrapped around a rubber band he was carring

(sic) the dope inside his coat pocket. My informant stated that he cannot get a location of a house only that he frequents 19th and Norris daily." (See Search and Seizure Warrant, and Notes of Testimony of Suppression Hearing, hereinafter N.T.Supp., pp. 9–12.)

The Court might criticize Officer Larusso's grammar, punctuation and spelling; however, we find nothing to criticize with regard to the obtaining of Search and Seizure Warrant No. 59396.

The only explanation for an allegation of defectiveness of the warrant on the part of relator is that two "warrants" appear on the record. One is "Search and Seizure Warrant No. 59396" issued September 12, 1966. The second is "Philadelphia Police Dept. C.C. No. 44249 Complaint Warrant/Summons", issued on September 19, 1966. This second "warrant" is the complaint sworn out by Officer Larusso after the arrest of September 12, 1966, which bound relator over, and was signed by relator when he waived preliminary hearing, on September 19, 1966.

We believe that the warrant was issued with probable cause. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The issue of ineffective assistance of counsel may be reviewed at both the time of the suppression hearing, and the trial itself.

At the suppression hearing, relator's counsel, Herbert Hardin, Esq., of the Philadelphia Bar, read the warrant into the record (N.T.Supp. 11–12); he cross-examined the police officers with regard to the circumstances of the arrest pursuant to the warrant (N.T.Supp. 7–10, 18–19, and 21–23); and presented relator's testimony (N.T.Supp. 12–13). An issue as to credibility was presented to Judge Doty of the Court of Common Pleas and he ruled against relator (N. T.Supp. 23).

At the time of trial, relator was again represented by Mr. Hardin. Relator was tried on May 12, 1967, on Bills of

Indictment Nos. 1867 and 1868, the latter charging that relator had carried a concealed deadly weapon. Testimony at trial indicated that at the time of arrest the police officers seized a .38 calibre revolver from relator's left rear pocket (Notes of Testimony, Trial, 19). The jury, however, returned a not guilty verdict on this bill of indictment.

■ The state court records indicate that relator's counsel more than met the standard of normal competency required for effective representation. Moore v. United States, 432 F.2d 730 (3d Cir. 1970).

■ Finally, with regard to the alleged unconstitutionality of relator's sentence, this claim too is without merit. Relator was convicted of violating the Drug, Device and Cosmetic Act of 1961, which provides:

> Any person who possesses any narcotic drugs in violation of the provisions of this act shall be guilty of a felony, and upon conviction thereof, shall be sentenced, as follows: For a first offense to pay a fine not exceeding two thousand dollars ($2,000.00) and to undergo imprisonment by separate or solitary confinement at labor of not less than two (2) years and not exceeding five (5) years; (September 26, 1961, P.L. 1664, § 20; August 24, 1963, P.L. 1147, No. 488, §§ 1 and 2; 35 P.S. 780–20).

The Pennsylvania Supreme Court interpreted a predecessor statute with similar language, except that the term of years was five to ten, to mean that the maximum sentence could be anything from five to ten years. Commonwealth v. Glover, 397 Pa. 543, 156 A.2d 114 (1959). The minimum sentence is in the discretion of the court except that it shall not exceed more than one-half the maximum sentence. Glover at 546, 156 A.2d 114. Inasmuch as five years is a proper maximum under the Act, and two and one-half years minimum corresponds to the requirements of Glover, supra, relator's sentence is proper under Pennsylvania law.