## Commonwealth v. Swope

*Joel Goldstein,* for Commonwealth.
*Clarence D. Bell,* for defendant.

DIGGINS, *Sr. J.,* June 8, 1982—Bruce W. Swope, appealing nunc pro tunc, five summary convictions for the violation of section 3733 of the Vehicle Code, made an oral motion that four of the five citations be removed and that he be tried on one count of the violation of fleeing or attempting to elude a police officer.

On September 17, 1978, Swope (hereinafter defendant), was issued, inter alia, five traffic citations charging him with fleeing or attempting to elude a police officer under section 3733 of the Vehicle Code, 75 Pa.C.S.A. § 101 et seq. The citations stem from a chase which began on Baltimore Pike west of Media, Pa., and continued into Delaware where defendant was apprehended. It appears from the citations that at 4:25 p.m. on September 17, 1978, Trooper Painter, while on patrol in a marked police vehicle, observed defendant exceeding the speed limit and signaled for defendant to stop the motorcycle he was operating, at which point defendant attempted to flee and a high speed chase ensued. Trooper Painter pursued defendant for approximately five minutes, and later cited him with four traffic offenses in addition to fleeing or attempting to elude a police officer.

At 4:30 p.m. Trooper MacDonald entered Baltimore Pike, signaled defendant to stop and initiated a six-minute chase; defendant was later charged with the violation of five traffic violations in addition to fleeing or attempting to elude a police officer. At 4:36 p.m., Trooper Phipps intercepted the chase, signaled for defendant to stop and pursued him across the Delaware State line at 4:41 p.m. Defendant was cited with the violation of 13 violations during this five-minute chase, three of which were for fleeing or attempting to elude a police officer.

Defendant cites Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973) for the proposition that all five charges for violating section 3733 of the Vehicle Code should be merged as they arise out of one criminal episode. Campana, supra, however, required the consolidation of all criminal charges which arose from a criminal episode, to avoid the problems related to double jeopardy. There is no problem relating to successive prosecutions involved in the instant case, so a double jeopardy analysis is inappropriate. Similarly, the Commonwealth's reliance on the doctrine of merger as applied in Whalen v. United States, 445 U.S. 684 (1980)is also misplaced, as there the court found that a lesser included offense merged with a greater offense when proof of the former required no additional facts which proof of the latter did not. In the instant case, all five offenses charged are identical and the question presented is whether there can be five separate violations of section 3733 of the Vehicle Code, fleeing or attempting to elude a police officer, arising out of one continuous 16-minute flight.

Section 3733 of the Vehicle Code, 75 Pa.C.S.A. §101 et seq. provides in pertinent part:

Section 3733. Fleeing or attempting to elude police officer.

(a) Offense defined. Any driver of a motor vehicle who wilfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

It is necessary to examine the statutory language to determine whether the legislature intended for the flight or attempt to elude each officer involved in a high speed chase to be a separate violation. This appears to be a case of first impression in Pennsylvania. Defendant's reference to Bell v. United States, 349 U.S. 81 (1955), suggests that the determination that each officer's pursuit should trigger a separate violation should be made, if at all, by the legislature. The analogy between specified Federal crimes in the Mann Act and state traffic offenses is not a strong one, however.

It is well settled in Pennsylvania that penal statutes must be strictly construed. See Com. v. Glover, 397 Pa. 543, 156 A. 2d 114, (1960); Com. v. Brown, 260 F. Supp. 323, 356 (E.D.Pa. 1966). In Com. v. Exler, 243 Pa. 155, 162, 89 Atl. 968, 971 (1914), the court stated: " . . . when a criminal statute calls for construction, it is not the construction that is supported by the greater reason that is to prevail but that which, if reasonable, operates in favor of life and liberty . . . "

A reasonable and sensible interpretation of section 3733 of the Vehicle Code would allow only one charge of fleeing or attempting to elude a police officer for a single continuous episode, since there is no language in the statute which would indicate that such an offense would be other than continu-

ous until apprehended. In the case at bar, Trooper Phipps cited defendant with three violations of section 3733 within a five-minute continuous pursuit. A reasonable interpretation favoring liberty would require two of those counts to be dropped, allowing one count to be brought against defendant for fleeing or attempting to elude a police officer.

Turning to the more difficult question of whether a 16-minute chase of defendant by three troopers constitutes a single violation of section 3733 or three such violations, the specific facts of this case lead to the conclusion that defendant engaged in one continuous flight from Media, Pa. across the Delaware State line in 16 minutes. Modern communication technology enables the State Police Department to coordinate their efforts to intercept a traffic offender who is being pursued. Faced with such a concerted effort, it would be reasonable to categorize the entire episode as one continuous flight, constituting one violation of section 3733 of the Vehicle Code.

Therefore, we enter the following

### ORDER

And now, June 7, 1982, the motion of Bruce W. Swope that four of the five citations for violation of section 3733 be removed and that defendant be tried on one count of violation of section 3733 is granted.