J-E02003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYSHAWN LEE BLOUNT | : | |
| | : | |
| Appellant | : | No. 2729 EDA 2023 |
| | : | |

Appeal from the Judgment of Sentence Entered October 4, 2023
In the Court of Common Pleas of Lehigh County
Criminal Division at No:  CP-39-SA-0000273-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., OLSON, J., STABILE, J.,
KUNSELMAN, J., MURRAY, J., KING, J., SULLIVAN, J., and LANE, J.

DISSENTING MEMORANDUM BY STABILE, J.:          **FILED APRIL 23, 2026**

I respectfully dissent.  The majority's decision conflicts with our Supreme Court's decision in ***Commonwealth v. Glover***, 397 Pa. 543, 156 A.2d 114 (Pa. 1959), which construed statutory text materially similar to and operatively identical to the statute under review today, 75 Pa.C.S.A. § 1543(b)(1)(i).  Moreover, the sentence prescribed by the majority violates the principle codified in 42 Pa.C.S.A. § 9756 that Appellant's minimum sentence cannot exceed half his maximum sentence.  In addition, it is my view that the majority errs by following ***Commonwealth v. Eid***, 665 Pa. 684, 249 A.3d 1030 (2021), because the statutory text construed in ***Eid*** is distinguishable from Section 1543(b)(1)(i).  In my opinion, under both ***Glover*** and Section 9756, Appellant's **maximum** sentence under Section 1543(b)(1)(i) must be no less than 60 and no more than 90 days' imprisonment, and his minimum

sentence cannot exceed half of the maximum imposed by the court. I would affirm Appellant's judgment of sentence.

The trial court found Appellant guilty under Section 1543(b)(1)(i) and sentenced him to 1 to 60 days' imprisonment. Appellant appealed, claiming that Section 1543(b)(1)(i) required the court to impose a minimum of 60 days' imprisonment and a maximum of 90 days' imprisonment. Relying on *Eid*, the majority concludes that Section 1543(b)(1)(i) requires an indeterminate sentence with a minimum of 60 days' imprisonment and a maximum of 90 days' imprisonment. I disagree.

Section 1543(b)(1)(i) provides:

A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to **undergo imprisonment for a period of not less than 60 days nor more than 90 days**.

*Id.* (emphasis added).

Under *Glover*, the bolded text in Section 1543(b)(1)(i) provides the *maximum* sentencing range. The defendant in *Glover* was convicted under a statute, the Drug Act of 1957, 35 P.S. § 865 (repealed) ("Drug Act"), whose

- 2 -

text was materially similar to the text in Section 1543(b)(1)(i). The Drug Act

provided:

> Any person who sells, dispenses or gives away any drugs in violation of the provisions of this act shall be guilty of a felony, and, upon conviction thereof, shall be sentenced as follows: for a first offense, to pay a fine not exceeding five thousand dollars ($5000) and to **undergo imprisonment** by separate or solitary confinement at labor **of not less than five (5) years and not exceeding ten (10) years...**

***Id.***, 156 A.2d at 116 (citing 35 P.S. § 865) (emphasis added). The trial court

sentenced the defendant to 5-10 years' imprisonment, which it believed was

the mandatory sentence under the statute. ***Id.*** at 115-16.

The Supreme Court reversed and remanded for resentencing. The Court

observed that the Drug Act, as a penal statute, must be strictly construed.

***Id.*** at 116. Applying this standard, the Court held that the Drug Act prescribed

that (1) the range of maximum sentences was 5-10 years' imprisonment, and

(2) the minimum sentence was no more than half the maximum and no more

than five years' imprisonment:

> We conclude that a reasonable and sensible interpretation is that the court must impose a sentence of imprisonment by separate or solitary confinement at labor and that the maximum sentence shall be for a period of not less than five years nor more than ten years, the precise maximum between those limitations being in the discretion of the court. The precise minimum sentence is also in the discretion of the sentencing judge subject only to the requirement that it shall not exceed more than one-half the maximum sentence . . . and in no event more than five years. This interpretation is further borne out by the use of the phrase 'and not exceeding ten (10) years'. If we were to interpret this act so that the trial judge must impose a minimum sentence of five years and a maximum sentence of ten years, of what effect

would be the words '*not exceeding*' ten years as applied to the maximum term?  The word 'sentence' when unmodified by the words 'maximum' or 'minimum' necessarily refers only to the maximum sentence for that is the legal sentence.  The minimum sentence is merely an administrative notice by the court to the parole board that the question of parole might, at its expiration, properly be considered.

*Id.* at 116-17 (cleaned up).  The Court further observed:

When the legislature has desired to provide for a mandatory minimum in the past it has done so in unequivocal language.  In the Barr-Walker Act, Act of January 8, 1952, P.L. 1851, 19 P.S. § 1166, the court was given the power to sentence certain sex offenders 'to a State institution for an indeterminate term having a minimum of one day and a maximum of his natural life.'  The words 'minimum' and 'maximum' are noticeably missing from the sentencing provision of the Drug Act …

*Id.* at 117.

*Glover* remains good law today; it has never been overturned by our Supreme Court.  As an intermediate appellate court, we are required to follow precedent set down by our Supreme Court.  *Commonwealth v. Fuentes*, 272 A.3d 511, 521 (Pa. Super. 2022).

The statutory language in *Glover* is materially similar to and operatively identical to Section 1543(b)(1)(i).  The critical text in Section 1543(b)(1)(i) at issue in this appeal provides,

undergo imprisonment for a period of not less than 60 days nor more than 90 days.

The critical text in *Glover* provided,

undergo imprisonment…of not less than five (5) years and not exceeding ten (10) years.

- 4 -

Given this clear similarity, we are obliged to follow **Glover** and hold that Section 1543(b)(1)(i) prescribes the maximum sentencing range for a violation of this statute.[1] I perceive no substantive difference between that part of the operative language we examined in **Glover** ("not exceeding") and that part of the operative language in Section 1543(b)(1)(i) ("nor more than"). I therefore conclude that **Glover** is binding here. Accordingly, Section 1543(b)(1)(i) requires (1) a maximum sentence between 60 and 90 days' imprisonment and (2) a minimum sentence that is no more than half of the maximum sentence. If, for example, the court enters a maximum sentence of 90 days, the minimum sentence can range from zero to 45 days' imprisonment. Appellant's sentence of 1 to 60 days' imprisonment satisfies these requirements.

We also need to follow **Glover** because it is faithful to the longstanding principle, codified in 42 Pa.C.S.A. § 9756(b)(1), that the defendant's minimum sentence cannot exceed half of his maximum sentence.[2] The sentence

---

[1] A three-judge panel of this Court reached precisely this conclusion in **Commonwealth v. White**, 268 A.3d 499, 501 (Pa. Super. 2022). The majority "overrule[s] this aspect of **White**." Majority Op. at 16. In my view, **White** is good law and should not be overruled.

[2] This Court followed Section 9756 in another case arising under Section 1543, **Commonwealth v. Postie**, 110 A.3d 1034 (Pa. Super. 2015), a decision not mentioned by the majority. **Postie** held that a flat sentence of 4 months' imprisonment for a summary offense (75 Pa.C.S.A. § 1543(a) — driving while operating privilege was suspended or revoked) was illegal for failing to comply
*(Footnote Continued Next Page)*

prescribed by the majority violates Section 9756(b)(1) because the minimum sentence of 60 days is more than half the maximum sentence of 90 days.

The majority errs by following ***Eid*** instead of ***Glover***. The majority attempts to dismiss ***Glover***, and suggests it no longer is good law, by concluding that our Supreme Court in ***Eid*** *reinterpreted* the language "not less than" in a sentencing statute and – contrary to ***Glover*** – held that the phrase, "by its plain terms, establishes a mandatory **minimum** term below which a sentencing court may not fall when imposing a penalty." Majority Opinion at 13. The majority's reliance on ***Eid*** is misplaced. ***Eid*** construed a statutory provision[3] that only provided for "imprisonment for a period of not less than 90 days" without providing a maximum sentence. ***Eid*** held that this specific provision "established a mandatory minimum term below which a sentencing court may not fall…" ***Id.***, 232 A.3d at 1042.[4] The Drug Act in ***Glover*** was materially different than the provision in ***Eid***, because the Drug Act had a **range** of sentences, *i.e.*, "not less than" 5 years' and "not exceeding" 10

___

with Section 9756's minimum/maximum requirements. ***Id.***, 110 A.3d at 1044.

In the present case, the sentence prescribed by the majority of a minimum of 60 and a maximum of 90 days' imprisonment not only violates Section 9756 but impermissibly overrules ***Postie*** *sub silentio.*

[3] 75 Pa.C.S.A. § 1543(b)(1.1)(i).

[4] The Court went on to hold that this provision was unconstitutional due to the absence of a maximum term. ***Id.***, 232 A.3d at 1044.

years' imprisonment. Nothing in **Eid** suggests that it applies to statutes such as the Drug Act that prescribe a range of sentences. Moreover, nothing in **Eid** suggests that the Court intended to overrule or "reinterpret" its decision in **Glover** or that it was unaware of this previous precedent. Simply stated, a sentencing statute that only provides for a sentence "not less than", as in **Eid**, is not the same as a sentencing statute that provides for "not less than nor more than", as here under Section 1543(b)(1)(i). Thus, notwithstanding **Eid**, **Glover** continues to apply to statutes like Section 1543(b)(1)(i).

Pursuant to **Glover** and 42 Pa.C.S.A. § 9756, I would affirm Appellant's sentence, because his maximum sentence is within the 60-90 day range and his minimum sentence of 1 day's imprisonment does not exceed half of his maximum. I respectfully dissent.

President Judge Emeritus Panella joins this Dissenting Memorandum.