J-S39042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ADDAN PAYNE :
:
Appellant : No. 2675 EDA 2018

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006665-2015

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED AUGUST 19, 2019**

Appellant, Addan Payne, appealed from a March 9, 2016, judgment of
sentence entered in the Court of Common Pleas of Philadelphia County
following his conviction at a bench trial on the charges of possession with the
intent to deliver a controlled substance ("PWID"), conspiracy (to commit
PWID), and possession of a controlled substance ("possession").[1]  On May 8,
2018, a three-judge panel of this Court affirmed Appellant's convictions, but
vacated the judgment of sentence and remanded for resentencing.
Specifically, this Court concluded the trial court failed to properly merge
Appellant's convictions for PWID and possession for sentencing purposes.

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903, and 35 P.S. § 780-
113(a)(16), respectively.

---

* Former Justice specially assigned to the Superior Court.

On August 16, 2018, the trial court imposed a new judgment of sentence, and Appellant filed the instant appeal. Additionally, Appellant's counsel has filed a petition seeking to withdraw her representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history have been set forth previously by this Court, in part, as follows:

> On December 16, 2015, the Honorable Vincent Melchiorre presided over Appellant's bench trial. During the trial, the Commonwealth called Officer Keya Mason to testify. Officer Mason testified that she has nineteen years of experience in drug cases and the last two of those years she has been with the Narcotics Enforcement Team (NET Team). N.T., 12/16/15, at 10. She testified that on the evening of April 3, 2015, she was part of the NET Team conducting surveillance in the area of the 4200 block of Odgen Street. **Id.** at 9-10. Officer Mason stated that she observed Appellant wearing a gray-hooded jacket, red pants, and red sneakers. **Id.** at 11. Officer Mason continued that Appellant was accompanied by a female, later identified as Shirley Stevens, who was wearing a blue jean jacket, green cargo pants, and a white scarf. **Id.**
>
> Officer Mason testified that she was located approximately one city block away, had a clear and unobstructed view, and was using binoculars. **Id.** at 12, 21. She further testified that streetlights illuminated the area where Appellant was located. **Id.** at 44-45. During her surveillance, Officer Mason observed a black male, later identified as Albert Tomlin, riding a motorized scooter. **Id.** at 14. Tomlin rode up to the middle of the street where Stevens approached him, they had a brief conversation, and Tomlin gave Stevens an unknown amount of U.S. currency. **Id.** Stevens then walked over to Appellant and gave him the money. **Id.** at 15. Appellant proceeded to walk into an alleyway for approximately thirty seconds and when he returned, he handed

- 2 -

small items to Stevens. *Id.* Stevens then went back to Tomlin and gave him the small items. *Id.* at 16. Tomlin then left. *Id.* Officer Mason relayed this information to backup officers who stopped Tomlin and recovered two green-tinted heat-sealed Ziploc packets of crack cocaine. *Id.* at 16-17.

Officer Mason continued her surveillance and observed a white pick-up truck arrive at the location where Appellant and Stevens were. *Id.* at 17. Officer Mason testified that, this time, Appellant approached the passenger in the pick-up truck, later identified as Patrick Kim. *Id.* Kim extended his hand out the window and gave Appellant U.S. currency. *Id.* Appellant walked into the same alleyway and upon returning, handed small items to Kim. *Id.* at 19. Officer Mason relayed this information to her backup officers, who stopped the vehicle and recovered from the driver, Kelly Wilson, three clear heat-sealed Ziploc packets containing crack cocaine. *Id.*

Officer Mason testified that after these two transactions, she notified her backup officers to arrest Appellant. *Id.* at 20. Officer Nicholas Martella arrested Appellant and recovered $348 from different pockets. *Id.* The backup officers also searched the alleyway where Appellant had twice entered but could not find anything. *Id.* No narcotics were recovered from Appellant. *Id.* at 43.

The Commonwealth also called Officer Daniel Mammola and Officer Patrick DiDomenico to testify. Officer Mammola testified that he was that officer that stopped Tomlin and retrieved from him two green-tined heat-sealed Ziploc packets of crack cocaine. *Id.* at 50. Officer DiDomenico testified that he arrested Wilson and Kim. *Id.* at 54. He testified that, from Wilson's hand, he recovered three clear heat-sealed Ziploc packets containing crack cocaine. *Id.* The officer did not testify that he recovered drugs from Kim. Officer Martella, who was also called to testify, stated that he conducted field testing, a NIK-G test, on the drugs. *Id.* at 61.

Judge Melchiorre convicted Appellant as charged. On March 9, 2016, the trial court[2] sentenced Appellant to two to four years' incarceration for PWID and a concurrent two to four years' incarceration for conspiracy to commit PWID. The trial court

---

[2] Since Judge Melchiorre was absent from the bench at the time of sentencing, the Honorable Mia Perez presided over Appellant's March 9, 2016, sentencing hearing.

further imposed a consecutive two years' probation for Appellant's conviction for possession of a controlled substance.

On March 16, 2016, Appellant filed his post-sentence motion for reconsideration, claiming that his sentence was excessive. *See* Motion for Reconsideration, 3/16/16. The docket indicates that Appellant filed a motion to withdraw his post-sentence motion for reconsideration, which the trial court granted on April 18, 2016. *See* Docket at 8.

On April 27, 2016, Appellant filed a timely notice of appeal.

*Commonwealth v. Payne*, No. 1347 EDA 2016, *2-4 (filed 5/8/18) (unpublished memorandum) (footnote omitted) (footnote added).

On appeal, a panel of this Court rejected Appellant's challenges to his convictions; however, the panel *sua sponte* determined the trial court failed to merge the convictions for PWID and possession for sentencing purposes. Thus, this Court vacated the March 9, 2016, judgment of sentence and remanded for resentencing.

On August 16, 2018, Appellant proceeded to a new sentencing hearing at which Judge Perez acknowledged this Court had vacated the previous sentence and remanded for resentencing. N.T., 8/16/18, at 4. The trial court indicated it had the original presentence investigation report. *Id.* at 5. Appellant's counsel indicated she wished to elaborate on the presentence investigation report as it related to Appellant's experience when he was a minor in the foster care system. *Id.* She noted Appellant was sexually abused by one of his foster mothers. *Id.*

Appellant's counsel also noted that, at some point during Appellant's incarceration, Appellant was diagnosed with major depressive disorder and

- 4 -

post-traumatic stress with dissociative symptoms, and accordingly, prison physicians placed Appellant on various treatment medications. *Id.* at 5-6. Appellant's counsel noted that, aside from medications, Appellant was not receiving necessary mental health treatment from prison officials. *Id.* at 6. Appellant's counsel requested an aggregate sentence of 11.5 months to 23 months in prison, plus three years of reporting probation. *Id.* at 10.

The trial court provided Appellant with his right to allocution, and Appellant stated the following (verbatim):

> Your Honor, one thing, one thing I want to say, you know, since I've been here, it's like I've had to fight for survival, you know? I been seen people die here since I've been here. I been heard people at nighttime screaming because they've been getting raped at nighttime.
>
> And every day is like a struggle for me. Every day is another fight for survival. And it's like, it's hard for me because I'm—it's hard for me because the Dr. Cena (sp) requested me to be on a mental health unit and they got me in regular general population without being in the mental health unit. Where as they have officers that are trained to work for me and help me out to regular as—officers that don't know what they're doing with me.
>
> And it's like it's hard. Sometimes I get—I think about being suicidal. I'm not suicidal now but at the time when I was at Camphill I was suicidal because I got so many things that are doing it and so many things that remind me of what is actually going on. So I go through the most, you know? And it really is hard. It would have been better to have some type of relief, you know what I mean?
>
> I understand that I did something wrong and I understand that I'm—I did something wrong, that I needed to serve the punishment to know what is right. I understand that but it's hard for me, it really is. Like I cry every night because I'm away from my family. I pray all the time that it'll be soon. And like, I'm a changed person, I've been—with getting my GED, I've got my social security card, you know what I mean? I've been to all my

programs. It's like I'm doing everything to prepare myself to get out of here, you know?

While I'm doing that, it's still a struggle for me. And I want you to know I'm fighting through this, not only fighting through this because I want to do right but I'm fighting through this because I have two kids, two daughters that needs me home, that need me to be there for them. Because I am their protector, I'm the one that is supposed to help them and guide them when they need to be taught, you know? I'm not that type of person that don't make kids and don't care about their kids and their children. I love my family. I love my family to death and I wouldn't trade them for no one else.

And I want to let people know that if they're sitting in the courtroom, that at that time if they, when that time comes, don't choose the wrong choice. Try to fight through it, you know. And that's what I'm still learning to do and I'm going to keep on fighting. And that's what I wanted to say here today. I just wanted ya'll to hear me out.

*Id.* at 12-14.

The trial court then imposed a sentence of two years to four years in prison for PWID and a concurrent sentence of two years to four years in prison for conspiracy. The trial court imposed no further sentence for possession. Despite being provided with his post-sentence rights, Appellant did not file a post-sentence motion; however, he filed a timely notice of appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and in response, counsel filed notice of her intent to file an *Anders/McClendon* brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court then filed a brief Pa.R.A.P. 1925(a) statement. On January 22, 2019, counsel filed in this Court a petition seeking to withdraw her representation, as well as an *Anders* brief. Appellant

filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in ***Santiago*** stated that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the

- 7 -

appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed her petition to withdraw as counsel and *Anders* brief. In her petition, counsel indicates that after a thorough and conscientious examination of the record she has determined that an appeal herein is wholly frivolous. Additionally, in accordance with *Nischan*, counsel has mailed Appellant a copy of the *Anders* brief and a letter informing him that: (1) he has the right to retain new counsel; (2) he may proceed further with his case *pro se;* and (3) he may raise any points that he deems worthy of the this Court's attention. Counsel has provided this Court with a copy of the conforming letter.

In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, and states her reasoning and conclusion that the appeal is wholly frivolous. Accordingly, counsel has substantially complied with all of the technical requirements of *Anders* and *Santiago*. Therefore, we proceed to examine the issues counsel identified in the *Anders* brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly

frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In the ***Anders*** brief, counsel raises the following issues (verbatim):

1. Was the sentence imposed a legal sentence?
2. Was the sentence imposed an excessive sentence?

***Anders*** Brief at 3.

In his first issue, Appellant contends his new sentence is illegal. Specifically, Appellant suggests his sentence for PWID (crack cocaine) is beyond the statutory limits.

Initially, we agree with Appellant that he has raised a challenge to the legality of his sentence. ***See Commonwealth v. Dixon***, 161 A.3d 949, 951 (Pa.Super. 2017) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.") (citation omitted)). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Cardwell***, 105 A.3d 748, 750 (Pa.Super. 2014).

With regard to Appellant's conviction for PWID (crack cocaine), 35 P.S. § 780-113(a)(30), the relevant statutory authority provides the following:

> **§ 780-113. Prohibited acts; penalties**
> \*\*\*
> (f) Any person who violates clause (12), (14) or (30) of subsection (a) with respect to:
> \*\*\*

(1.1) Phencyclidine; methamphetamine, including its salts, isomers and salts of isomers; coca leaves and any salt, compound, derivative or preparation of coca leaves; any salt, compound, derivative or preparation of the preceding which is chemically equivalent or identical with any of these substances, except decocanized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine; and marihuana in a quantity in excess of one thousand (1,000) pounds, **is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten years**, or to pay a fine not exceeding one hundred thousand dollars ($100,000), or both, or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal manufacture or distribution of these substances.

35 P.S. § 780-113(f)(1.1) (bold added).

By its express terms, the relevant statute permits a maximum sentence of ten years in prison for PWID (crack cocaine). *See Commonwealth v. Young*, 922 A.2d 913 (Pa.Super. 2007) (holding it is well settled that criminal statutes are to be strictly construed). Upon remand, the trial court imposed a sentence of two years to four years in prison for PWID, and therefore, the sentence was well within the statutory limits. Consequently, we reject Appellant's challenge to the legality of his sentence as to PWID.

In his final issue, Appellant contends the trial court abused its discretion in imposing Appellant's new sentence. Specifically, Appellant suggests his sentence upon remand was "unduly excessive," as well as the result of judicial vindictiveness. These claims present a challenge to the discretionary aspects of Appellant's sentence. *See Commonwealth v. Barnes*, 167 A.3d 110 (Pa.Super. 2017) (*en banc*); *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa.Super. 2013).

We have long held that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Id.* at 122 (citation omitted). Instead, such challenges are considered petitions for allowance of appeal. *Id.* Generally, an appellant who wishes to challenge the discretionary aspects of his sentence must satisfy a four-part test to invoke this Court's jurisdiction:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appeal from is not appropriate under the Sentencing Code.

*Id.* (citation omitted). Finally, "[w]hether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis." *Id.* (citation omitted).

Here, Appellant filed a timely notice of appeal, but he did not present his discretionary aspects of sentencing issues during the sentencing hearing or in a post-sentence motion. Accordingly, the issues are waived. ***See id.***

In any event, and assuming, *arguendo*, Appellant's claims present a substantial question, we note:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (quotation omitted).

With regard to Appellant's claim that his sentence is "unduly excessive," we note "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Clarke*, 70 A.3d at 1287.

Here, the record reveals the trial court judge, who was the same judge that sat for Appellant's original sentencing hearing, was well aware of Appellant's crimes and had the benefit of a presentence investigation report. The trial court permitted Appellant's counsel to expand upon the information contained in the presentence investigation report, including providing the trial court with information pertaining to Appellant's experiences as a minor in the foster care system. Moreover, Appellant's counsel provided the trial court with information pertaining to Appellant's time spent in prison, including the status of Appellant's mental health. Finally, the trial court considered Appellant's statement to the court in which Appellant sought leniency. Based on the aforementioned, the trial court imposed individual sentences, which

Appellant's counsel admits were "standard-range minimum" sentences under the Sentencing Guidelines, in a concurrent manner. *Anders* Brief at 9. Accordingly, we find no merit to Appellant's claim that his sentence was "unduly excessive."

With regard to Appellant's suggestion of vindictiveness, generally, a presumption of vindictiveness arises if the court imposes a harsher sentence upon resentencing. *Commonwealth v. Robinson*, 931 A.2d 15, 22 (Pa.Super. 2007) (*en banc*). "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." *Barnes*, 167 A.3d at 124. Without a presumption of vindictiveness, the defendant must affirmatively prove actual vindictiveness. *Id.*

Here, Appellant did not receive a greater sentence upon remand than that which was originally ordered. Specifically, Appellant was originally sentenced to two years to four years in prison for PWID, a concurrent two years to four years in prison for conspiracy, and a consecutive two years' probation for possession. However, upon remand, Appellant was sentenced to two years to four years in prison for PWID, a concurrent two years to four years in prison for conspiracy, and no further penalty for possession. Accordingly, there is no presumption of vindictiveness. *See Robinson*, *supra*. Moreover, there is no evidence of actual vindictiveness on the part of

the sentencing judge. Accordingly, Appellant is not entitled to relief on this claim.

After examining the issues contained in the **Anders** brief, we concur with counsel's assessment that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/19