**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Sidney YOUNG, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 2007.

Filed April 5, 2007.

Sidney Young, appellant, pro se.

Kevin J. McCloskey, Asst. Dist. Atty., Norristown, for Com., appellee.

BEFORE: HUDOCK, ORIE MELVIN, JJ., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.:

¶ 1 Appellant, Sidney Young, brings this appeal from the order dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* Since we conclude that the trial court imposed an illegal sentence upon appellant when it applied a sentencing enhancement to appellant's conviction for criminal conspiracy, we vacate and remand to the trial court for resentencing.

¶ 2 This appeal is before this panel for the second time. Appellant previously appeared before this Court *pro se*, after appointed counsel filed a *Turner/Finley*[1] no-merit letter and was permitted to with-draw by the trial court. Our review of the record, however, revealed an issue of arguable merit that we determined should have been addressed by counsel, namely, whether the fifteen year maximum sentence imposed upon the conviction for conspiracy to possess with intent to deliver cocaine conviction was authorized under the enhanced sentencing provision of 35 P.S. § 780–115(a). Thus, we remanded the case for the appointment of new counsel and the preparation of an advocate's brief upon that single issue. *See: Commonwealth v. Young,* 903 A.2d 56, 1379 EDA 2005, unpublished memorandum at pp. 13–14 (Pa.Super. filed May 16, 2005). New counsel was appointed and has filed a brief on appellant's behalf.

¶ 3 Since the focus of our present review is narrow, we need not recite the facts underlying appellant's conviction. However, the procedural history of the case is relevant to this appeal, and we reiterate our previous summary of that history:

Appellant was ... arrested and, following a jury trial, convicted of possession of cocaine, possession with intent to deliver ("PWID") cocaine (100 grams or more), possession of drug paraphernalia, and two counts of criminal conspiracy. Prior to sentencing, the Commonwealth notified appellant of its intent to seek a seven-year mandatory minimum sentence on the PWID conviction. *See:* 18 Pa.C.S. § 7508(a)(3)(iii).

At the July 9, 2002, sentencing hearing, defense counsel acknowledged that appellant was subject to the seven year mandatory minimum sentence on the PWID charge based on a Berks County conviction. He argued, however, that maximum sentence which could be imposed for the conspiracy charge was five

1. *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

to ten years imprisonment. Moreover, he claimed that appellant was not subject to a twenty year maximum sentence for either crime under 35 P.S. § 780–115, which permits a court to double the otherwise authorized maximum sentence for a person convicted of a "second or subsequent offense" under 35 P.S. § 780–113(a)(30), because all of appellant's relevant prior convictions were misdemeanors. Following argument, and review of the presentence investigation, the court imposed an aggregate sentence of from 15½ years to 41 years. Specifically, the court imposed consecutive sentences of from 7½ to 20 years on the PWID charge, from 7½ to 20 years on the conspiracy (PWID) charge, and from six months to one year on the possession of paraphernalia charge. These sentences were also imposed consecutive to any sentence appellant had been serving at the time of sentencing. Appellant filed a timely motion to modify the sentence in which he claimed that the 20–year maximum sentences imposed on the PWID and conspiracy charges were illegal. At the July 31, 2002, reconsideration hearing, the Commonwealth presented to the court, over defense counsel's objection, a certified copy of the disputed 1997 Philadelphia conviction, which listed that conviction as an ungraded felony under 35 P.S. § 780–113(a)(30). Appellant's counsel, however, argued that the "the record was relatively clear at the time of sentencing" that the Philadelphia conviction was a misdemeanor, N.T., July 31, 2002, at p. 18, and that the court should not have accepted the Commonwealth's supplemental evidence. Moreover, counsel contended that the sentence imposed was excessive. Thereafter, the trial judge modified the sentence as follows: a term of imprisonment of from 7 to 15 years was imposed on the PWID charge,

a consecutive term of imprisonment of from 6 to 15 years was imposed on the conspiracy charge, and a concurrent term of imprisonment of from six months to one year was imposed on the paraphernalia charge. Moreover, the court ordered that the revised sentence be served concurrent with those appellant had already been serving. Thus, under the new sentencing scheme, appellant received an aggregate sentence of from 13 years to 30 years imprisonment.

Appellant filed a timely appeal challenging the sufficiency of the evidence, and the court's denial of a pretrial motion to suppress evidence. This Court affirmed in an unpublished memorandum, *Commonwealth v. Young*, 2925 EDA 2002 [835 A.2d 839] (Pa.Super. filed September 19, 2003) (unpublished memorandum), and the Pennsylvania Supreme Court subsequently denied appellant's petition for allowance of appeal. *Commonwealth v. Young*, 768 MAL 2003 [576 Pa. 723, 841 A.2d 531] (Pa. filed December 19, 2003).

On March 3, 2004, appellant filed a timely, *pro se* PCRA petition. Counsel was appointed, but subsequently filed a *Turner/Finley* no-merit letter, and petition to withdraw as counsel. After conducting an independent review of the record and the claims of appellant, the trial court notified appellant of its intent to dismiss the petition without a hearing, and advised appellant of his right to file a response within 20 days of the court's notice. In addition, the court granted counsel's petition to withdraw. Appellant moved for leave to file an amended petition, which the trial court granted. The amended petition was then filed on March 29, 2005, raising several new claims. Less than one month later, on April 22, 2005, the trial court entered an

order dismissing appellant's PCRA petition. This timely appeal followed.

*Commonwealth v. Young, supra,* 1379 EDA 2005, unpublished memorandum at pp. 3–6 (footnotes omitted).

¶ 4 New counsel challenges, in the brief filed on behalf of appellant, the legality of the sentence imposed, specifically contending that the sentencing enhancement provision of 35 P.S. § 780–115(a) of the Drug Act[2] should not be applied to a conviction for conspiracy.

¶ 5 While challenges to the discretionary aspects of a sentence are generally not cognizable under the PCRA, claims of an illegal sentence are subject to review. 42 Pa.C.S. § 9543(a)(2)(vii). Indeed, "[w]hen a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." *Commonwealth v. Vasquez,* 560 Pa. 381, 388, 744 A.2d 1280, 1284 (2000). *See also: Commonwealth v. Bradley,* 575 Pa. 141, 149, 834 A.2d 1127, 1131 (2003) ("An illegal sentence is one that exceeds the statutory limits.") (citations omitted). The standard governing our review of an illegal sentence is *de novo,* since the issue raises a pure question of law. *Commonwealth v. McClintic,* 589 Pa. 465, 471–473, 909 A.2d 1241, 1245 (2006).

¶ 6 As we have noted in the procedural history, the trial court sentenced appellant to an aggregate term of imprisonment of from 13 years to 30 years, as follows:

• A term of from 7 years to 15 years upon the conviction for possession with intent to deliver (cocaine), and

• A consecutive term of from 6 years to 15 years upon the conviction for conspiracy.[3]

The statutory provisions underlying the sentence imposed by the trial court can be set out as follows:

• *Possession with Intent to Deliver (cocaine) 35 P.S. § 780–113(a)(30):*

Maximum permissible sentence: 10 years

— 35 P.S. § 780–113(f)(1.1)

Mandatory minimum sentence: 7 years

— 18 Pa.C.S. § 7508(a)(3)(iii) (100 + grams and prior drug trafficking conviction)

Maximum under enhancement statute: 20 years

— 35 P.S. § 780–115(a) (up to twice term)

• *Criminal Conspiracy 18 Pa.C.S. § 903:*

Maximum permissible sentence: 10 years

— 18 Pa.C.S. § 905(a)[4]

(same as object of conspiracy)

**2.** Section 115 of the Drug Act provides, in pertinent part:

(a) Any person convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13 of [the Controlled Substance, Drug, Device and Cosmetic Act] or of a similar offense under any statute of the United States or of any state, may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

35 P.S. § 780–115(a).

**3.** The court also imposed a concurrent sentence of imprisonment of from six months to one year upon the conviction for possession of drug paraphernalia.

**4.** 18 Pa.C.S. § 905 provides, in pertinent part:

(a) **Grading.**—Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.

18 Pa.C.S. § 905(a).

— 35 P.S. § 780–113(f)(1.1)

Maximum under enhancement statute: 20 years

— 35 P.S. § 780–115(a) (up to twice term)

It is the final element of the sentencing plan of the trial court, application of the enhancement statute to the sentence for conspiracy, which is the subject of this appeal. Specifically, appellant argues that the sentencing enhancement set forth in Section 780–115(a) of the Drug Act does not apply to the inchoate crime of conspiracy, and, therefore, the maximum legal sentence that could have been imposed upon the conviction for conspiracy was ten years, and not the fifteen year term the trial court pronounced upon him. We agree.

■ ¶ 7 It is well established that criminal statutes are to be strictly construed. 1 Pa.C.S. § 1928(b)(1). Moreover, "[w]hen the words of a statute are clear and free from ambiguity, courts must not substitute an alternative meaning." *Vasquez, supra,* 560 Pa. at 386, 744 A.2d at 1283, *citing* 1 Pa.C.S. § 1921(b). Here, the sentencing enhancement, by its own terms, applies *only* when a person is "convicted of a second or subsequent offense under clause (30) of subsection (a) of section 13" of the Drug Act, that is, to a second or subsequent *drug offense.* 35 P.S. 780–115(a). There is no suggestion in the provision that it was intended to apply to inchoate crimes, such as *conspiracy* to commit drug related offenses.

¶ 8 The decision of this Court in *Commonwealth v. Adams,* 760 A.2d 33 (Pa.Super.2000), is instructive. There, the appellant pleaded guilty to delivery of cocaine, as well as of criminal conspiracy to deliver cocaine. At sentencing, the trial court applied the school zone enhancement provisions, as set out at 204 Pa.Code §§ 303.9 and 303.10, to determine the guideline range for the delivery conviction, as well as for the conviction for conspiracy. Those sentencing provisions mandate that, when an offender delivers drugs within 1,000 feet of a school, the trial court must add twelve months to the lower limit of the standard range of the applicable minimum sentencing matrix and thirty-six months to the upper limit of the standard range of the applicable sentencing matrix. On appeal, the appellant argued that the school zone enhancement did not apply to the conviction for criminal conspiracy. This Court agreed, concluding that the plain language of the sentencing provision, 204 Pa.Code § 303.10,[5] limited application of the enhancement clause "to convictions for 35 P.S. § 780–113(a)(14) and (a)(30)," and not to inchoate crimes. *Adams, supra* at 39. *See:* 204 Pa.Code § 303.10(b)(2).

¶ 9 The language of the Section 780–115, the subject of this appeal, is similarly restrictive. The provision permits a trial court to impose a sentence of "up to twice the term otherwise authorized" for a second or subsequent conviction *under 35 P.S. § 780–113(a)(30)*. 35 P.S. § 780–115(a). The terms of this provision expressly empower the trial court to double

---

**5.** The Code provides, in pertinent part:

   (b) Youth/School Enhancement.

   (1) When the court determines that the offender ... manufactured, delivered or possessed with intent to deliver a controlled substance within 1000 feet of the real property on which is located a public or private elementary or secondary school, the court shall consider the range of sentences described in § 303.9(c).

   (2) The Youth/School Enhancement only applies to violations of 35 P.S. § 780–113(a)(14) and (a)(30).

   (3) The Youth/School Enhancement shall apply to each violation which meets the criteria above.

204 Pa.Code § 303.10(b).

the maximum ten year sentence for a second or subsequent **drug** conviction, but do not by hint or suggestion, implicit or otherwise, authorize the trial court to double the maximum sentence for a conspiracy conviction which attends the second or subsequent drug conviction. Given that the statutory construction principle applicable to criminal statutes calls for strict construction, 1 Pa.C.S. § 1928(b)(1),[6] the fact that the provision does not **specifically exclude** application to inchoate crimes is of no moment.[7] Indeed, as the Pennsylvania Supreme Court has held, "when a criminal statute calls for construction, it is not the construction that is supported by the greater reason that is to prevail, but that one which, if reasonable, operates in favor of life and liberty." *Commonwealth v. Glover*, 397 Pa. 543, 546, 156 A.2d 114, 116 (1959), *quoting Commonwealth v. Exler*, 243 Pa. 155, 162–163, 89 A. 968, 971 (1914). Therefore, we conclude that it was error to apply the sentencing enhancement statute to appellant's conviction for conspiracy, and that the resulting sentence, a maximum of fifteen years imprisonment, exceeded by five years the statutory maximum.[8] *See:* 35 P.S. § 780–113(f)(1.1).

¶ 10 Accordingly, since we conclude that application of the Section 780–115 enhancement to appellant's conviction for conspiracy was error, we vacate the judgment of sentence and remand the case to the trial court for resentencing.[9]

6. The Pennsylvania Statutory Construction Act provides in relevant part that "penal provisions" shall be included in the classes of statutes that "shall be strictly construed." 1 Pa.C.S. § 1928(b)(1).

7. Although the issue presented in this appeal has not been previously addressed in a published decision by any court in this Commonwealth, it bears mention that in *Commonwealth v. Aponte*, 579 Pa. 246, 855 A.2d 800 (2004), *cert. denied*, 543 U.S. 1063, 125 S.Ct. 886, 160 L.Ed.2d 792 (2005), our Supreme Court noted in *dicta* that this Court, in an *unpublished* memorandum, had vacated an enhanced sentence for conspiracy "concluding [that] § 780–115(a) applies only to similar **drug** offenses, not the underlying inchoate crimes." *Id.* at 249–250, 855 A.2d at 802 (emphasis in original).

8. Appellant, in his earlier *pro se* brief, raised this issue in the context of the ineffectiveness of trial counsel in failing to challenge the trial court's miscalculation of his prior record score, and the resultant double counting of his prior felony drug conviction. In our previous decision, we suggested that the trial court's application of the prior felony drug conviction enhancement statute to appellant's conviction for conspiracy constituted a double counting of that previous conviction, since the trial court had already considered the prior felony drug conviction in determining appellant's prior record score. Thus, we concluded that the issue raised a claim of arguable merit. *See, generally: Commonwealth v. Young*, 903 A.2d 56, 1379 EDA 2005, unpublished memorandum at pp. 12–14 (Pa.Super. filed May 16, 2005). However, we also suggested that the case presented a potentially meritorious issue as to "whether the § 780–115(a) sentencing enhancement even applies to a conviction [for] criminal conspiracy." *Id.* at p. 14. Although counsel here again challenged the double counting of the prior conviction, he also argued that the sentencing enhancement is not applicable to a conviction for conspiracy. Since we conclude that the decisive issue in this appeal concerns the **applicability** of the sentencing enhancement to a conspiracy conviction, we have focused our discussion on that claim. However, pursuant to *Commonwealth v. McMullen*, 365 Pa.Super. 556, 530 A.2d 450 (1987), were we to consider appellant's argument that imposition of the sentencing enhancement statute resulted in the double counting of his previous felony conviction, we would conclude that it did.

9. Since the sentence for conspiracy was imposed consecutive to the sentence for possession with intent to deliver cocaine, our decision here disturbs the trial court's sentencing plan. Thus, we are compelled to vacate the entire sentence and remand for resentencing. *See: Commonwealth v. Benchoff*, 700 A.2d 1289 (Pa.Super.1997).

¶ 11 Judgment of sentence vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.