J-S10001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL M. TIBURCIO | : | |
| | : | |
| Appellant | : | No. 1203 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 24, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004600-2015

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:           **FILED JUNE 15, 2021**

Michael M. Tiburcio (Appellant) appeals from the judgment of sentence imposed after the court, at Appellant's request and with the consent of the Commonwealth, reduced Appellant's original sentence from an aggregate 6 — 80 years of incarceration, to 6 — 65 years of incarceration. The reduced sentence was based on the court's agreement that Appellant's two convictions for conspiracy to possess a controlled substance with the intent to deliver[1] should have merged, and "the application of the sentencing enhancement contained in 35 P.S. § 780-115 to [Appellant's] conspiracy counts was done in error." Trial Court Opinion, 12/1/20, at 6. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30).

The trial court detailed the underlying facts and procedural history as follows:

On August 11, 2015, officers from the Berks County District Attorney's Office arranged a purchase of three bundles of heroin from [Appellant's] brother, Juan Tiburcio ("Juan"). [Appellant] transported Juan to the location of the drug transaction and both [Appellant] and Juan were taken into custody. Juan was in possession of $818.00 in U.S. currency, two cellular telephones, and a sandwich bag containing a bundle of 10 heroin packets and another bundle of 9 heroin packets. [Appellant] was in possession of a plastic sandwich bag containing 41 packets of crack cocaine, $296.00 in U.S. currency, a chunk of bulk cocaine and one packet of powder cocaine. An additional 15 packets of heroin and [Appellant's] cell phone were recovered from the inside of the vehicle. . . .

[Appellant] was charged with . . . two counts of possession with intent to deliver a controlled substance, two counts of conspiracy to commit possession with intent to deliver a controlled substance, and two counts of possession of a controlled substance. On August 2, 2016, a jury found [Appellant] guilty on all counts. On August 9, 2016, [Appellant] was sentenced to serve an aggregate term of not less than six (6) years nor more than eighty (80) years in a State Correctional Facility. He received credit for 364 days he had previously served. On September 20, 2016, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania from the judgment of sentence entered on August 9, 2016. On September 19, 2017, the Pennsylvania Superior Court affirmed the judgment of sentence.[2]

On January 26, 2018, [Appellant] filed a *pro se* Post-Conviction Relief Action Petition ("Petition") pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq*. On

---

[2] On direct appeal, Appellant raised sufficiency and weight of the evidence issues, as well as a single discretionary aspects of sentence issue. **See Commonwealth v. Tiburcio**, 1553 MDA 2016, 3-4 (Sept. 19, 2017). Because Appellant waived the sentencing issue, we did not address it. **Id.** at 6.

January 31, 2018, this court appointed David Long, Esquire ("Attorney Long"), to assist [Appellant] with the disposition of his PCRA claims. On November 30, 2018, Attorney Long filed an Amended Petition [u]nder the [PCRA]. Within that petition, Attorney Long claimed [Appellant] was denied effective assistance of counsel when [Appellant's] sentencing counsel failed to object to the sentencing enhancement on both conspiracy counts. On January 24, 2019, this court granted Attorney Long's petition and modified [Appellant's] sentence. [Appellant] was resentenced on one conspiracy count and was ordered to serve a cumulative sentence of six (6) to sixty-five (65) years in a State Correctional Facility. The other conspiracy count was merged for sentencing. On February 11, 2019, [Appellant] filed a *pro se* Motion to Modify Sentence and Motion for Withdrawal of Counsel. [Appellant] was still represented by Attorney Long at that time and, therefore, his motions were legal nullities and not addressed by this court.

On June 20, 2019, Teri Himebaugh, Esquire ("Attorney Himebaugh") entered her appearance on behalf of [Appellant] and filed a Notice of Appeal from the denial of [Appellant's] Motion to Modify Sentence by operation of law. On June 26, 2019, this court ordered [Appellant] to file a concise statement of matters complained of on appeal within 21 days from the order's entry on the docket. On July 15, 2019, [Appellant] filed his Concise Statement of Matters Complained of on Appeal. On [October 7], 2019, the Superior Court quashed [Appellant's] appeal as untimely and premature.

On October 9, 2019, [Appellant] filed "Petitioner's Motion and Memorandum of Law Seeking *Nunc Pro Tunc* Post Conviction Relief." On December 3, 2019, upon agreement of counsel, this [c]ourt ordered that [Appellant's] appeal and post-sentence rights be reinstated only with respect to the resentencing that occurred on January 24, 2019. On December 12, 2019, [Appellant] filed "Defendant's Post-Sentence Motion to Modify/Correct the Sentence." On March 2, 2020, this [c]ourt entered an order limiting [Appellant's] claims to only those issues related to his resentencing on January 24, 2019, and scheduled an additional hearing to address the matter. On August 27, 2020, this [c]ourt entered an order reinstating [Appellant's] appellate rights regarding the resentencing that occurred on January 24, 2019, granting his motion to correct an offense gravity score error contained on the guideline sentence form and denying [Appellant's] post-sentence motion.

On September 16, 2020, [Appellant] filed a Notice of Appeal to the Superior Court from this [c]ourt's order of August 27, 2020.[3] On September 23, 2020, this [c]ourt ordered [Appellant] to file a concise statement of matters complained of on appeal. On October 13, 2020, [Appellant] filed a Statement of Matters Complained of on Appeal raising various issues regarding [Appellant's] resentencing.

Trial Court Opinion, 12/1/20, at 1-4 (footnotes omitted, footnotes added).

The court further explained:

At [Appellant's] first sentencing hearing on August 9, 2016, [Appellant] was sentenced to serve 2 years to 30 years for each count of conspiracy to commit possession with intent to deliver a controlled substance. However, the application of the sentencing enhancement contained in 35 P.S. § 780-115 to [Appellant's] conspiracy counts was done in error. **See Commonwealth v. Young**, 922 A.2d 913, 917-918 (Pa. Super. 2007) ("The terms of 35 P.S. § 780-115 expressly empower the trial court to double the maximum . . . sentence for a second or subsequent **drug** conviction, but do not by hint or suggestion, implicit or otherwise, authorize the trial court to double the maximum sentence for a conspiracy conviction which attends the second or subsequent drug conviction."). [Appellant] raised this issue in his [PCRA] Petition and, on January 24, 2019, this [c]ourt modified [Appellant's] sentence on the conspiracy counts by merging them for sentencing and removing the § 780-115 enhancement. [Appellant] was sentenced to serve 2 years to 15 years on the merged conspiracy counts.

**Id.** at 6 (emphasis in original).

Preliminarily, we address the timeliness of this appeal. The timeliness

of an appeal goes to our jurisdiction; our standard of review is *de novo*, and

---

[3] While Appellant purported to appeal from the order denying his post-sentence motion, his appeal properly lies from the judgment of sentence. **See Commonwealth v. Pratt**, 930 A.2d 561, 562 n.1 (Pa. Super. 2007).

the scope of our review is plenary. *See Commonwealth v. Williams*, 106 A.3d 583, 586 (Pa. 2014).

"If the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a). A trial court has 120 days to decide a post-sentence motion, and if it fails to decide the motion within that period, the motion is deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). When the motion is denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on behalf of the trial court and serve copies on the parties. *See* Pa.R.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law. *See* Pa.R.Crim.P. 720(A)(2)(b). "Generally, an appellate court cannot extend the time for filing an appeal. Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." *Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007).

Here, the trial court reinstated Appellant's appellate and post-sentence rights on December 3, 2019. Appellant filed his post-sentence motion on December 12, 2019. The court had 120 days, *i.e.*, until April 13, 2020, to rule on Appellant's motion. The court failed to do so. In addition, the clerk of courts failed to issue an order denying Appellant's post-sentence motion by operation of law. More than four months later, on August 27, 2020, the court

- 5 -

issued an order denying Appellant's post-sentence motion. Appellant filed this appeal on September 16, 2020.

The foregoing facts reflect a breakdown in the trial court processes. *See Patterson*, 940 A.2d at 498-99 (holding breakdown in the processes of the court occurs where the "clerk of courts did not enter an order notifying the appellant that his post-sentence motion was denied by the operation of law."). We therefore accept Appellant's appeal as timely and proceed to review the merits of his issues.

Appellant presents four questions for our review:

I.    Did the [trial court] abuse its discretion when it re-sentenced [Appellant] outside of the guidelines on the Conspiracy count without placing the factual basis for the aggravating circumstances on the record?

II.    Did the [trial court] abuse its discretion when it failed to put on the record at the re-sentencing why the Conspiracy in this case was so atypical to other similar convictions in Berks County or in Pennsylvania to warrant the sentence and why it should be run consecutive to other sentences?

III.    Did the [trial court] err when it double counted Appellant's prior drug conviction to enhance the maximum of the Conspiracy to PWID charges when that was already reflected in the Guidelines in the Prior Record Score?

IV.    Did the [trial court] erred and violated [*sic*] the Eighth and Fourteenth Amendments when it sentenced [Appellant] to serve the conspiracy sentence *consecutive* to other sentences. The cumulative sentence imposed of 6-65 years is cruel and unusual, arbitrary, and capricious, disproportionate to the nature of his offense and to the sentences imposed on other defendants for similar crimes in Berks County and Pennsylvania and is a *de facto* life sentence?

Appellant's Brief at 3.[4]

We address Appellant's four issues together because they are interrelated in their challenge to the discretionary aspects of Appellant's sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Appellant has complied with the first three requirements by raising his claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. *See* Appellant's Brief

---

[4] Appellant's Rule 1925(b) statement contains an additional sentencing claim not presented in Appellant's brief. *See* Rule 1925(b) Statement, 10/13/20, at 2. Because Appellant abandoned the claim, we do not address it. *See* Appellant's Brief at 3; *see also Commonwealth v. Briggs*, 12 A.3d 291, 310 n.19 (Pa. 2011), *cert. denied*, 132 S. Ct. 267 (2011) (refusing to address claim raised with trial court but subsequently abandoned in brief).

at 10-13. We therefore examine whether Appellant has raised a substantial question.

Appellant asserts the trial court failed to provide adequate reasons on the record for imposing the aggravated-range sentence; this assertion raises a substantial question. *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) ("[A]n allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review.") (citations omitted). Appellant also contends the court improperly considered his prior drug conviction because that conviction was already factored into his prior record score. Appellant's Brief at 10. This claim likewise presents a substantial question. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa. Super. 2006) (claim that the sentencing court considered an impermissible factor raises a substantial question).

Next, we review Appellant's sentencing claims mindful of the following:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Nevels***, 203 A.3d 229, 247 (Pa. Super. 2019) (citation

omitted).

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Commonwealth v. Fowler***, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citing

***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations

omitted).

Consistent with the above case law, our review of the record reveals no

trial court error in resentencing. After acknowledging the error regarding the

sentencing enhancement applied to Appellant's August 9, 2016 sentence, the

court stated that otherwise, as to "sentencing, the guidelines and reasoning, the [c]ourt adopts the rationale I did with the sentence[] imposed August 9th of 2016." N.T., 1/24/19, at 8. We have explained that when a judge "wishes to rely upon sentencing considerations expressed at an earlier sentencing hearing, [he] should specifically state for the record that he is incorporating those considerations by reference." *Commonwealth v. Thomas*, 537 A.2d 9, 14 (Pa. Super. 1988).

At Appellant's August 9, 2016 sentencing, the court explained:

The [c]ourt has reviewed the presentence investigation report. Obviously I was the trial [judge] in this case, so I did hear the facts of this case. In reviewing the presentence investigation report I did take notice that on or about June 13th of 2007 he was sentenced for two different dockets on which he got concurrent time of 2 to 4 years. The [c]ourt then notes that on or about November 1st of 2013, he was sentenced to carrying a firearm without a license and received a concurrent probationary sentence for possession of a controlled substance. He was on supervision for that case when he committed these crimes. In fact, he – he violated that probation and was resentenced and then was under supervision until August 27th of 2018. So the [c]ourt notes that he was on state parole while he committed this offense, and he has a prior offense for carrying firearms. The [c]ourt finds that he is a danger to society. The dealing of heroin in our society is an epidemic of great proportion. He has multiple current convictions. He has a repeat criminal pattern. He is a habitual offender of drug dealing. He was on parole at the time of this arrest. This [c]ourt finds that he is a poor candidate for rehabilitation based on his past failures, based on the fact that he has been on probation, has been violated, was under probation again while he committed this crime. The [c]ourt finds that there are actually multiple victims of this offense, multiple victims in that he had packaged with him multiple packets of heroin that he was going to peddle out on the streets. Any lesser sentence than what I'm going to impose would depreciate the seriousness of this crime. He has been previously incarcerated, and although he – I will take note that the record shows here the PSI, although he is

- 10 -

correcting it, he says that he has been employed longer than what the PSI indicates. However, I will note that he has four children, and he indicated that his wage amount was $600 a month with a yearly income of $7,200.

N.T., 8/9/16, at 10-11.

We discern no error. Appellant recognizes that while his minimum sentence of six years remained unchanged, his maximum decreased by 15 years. Appellant's Brief at 4-5. In imposing the lesser sentence, the court was unequivocal in expressing its reliance upon its rationale at Appellant's original sentencing. At that time, the trial court stated on the record that it reviewed Appellant's pre-sentence investigation report. Additionally, the court specifically considered Appellant's prior criminal history, the fact that he was on supervision at the time he committed the underlying offenses, the danger he poses to society, as well as his personal characteristics; specifically considering his status as a father of four and his yearly income.

Contrary to Appellant's claim, the trial court did not improperly "double-count" his prior drug conviction. Rather, the court observed that despite the fact that Appellant had previously received a probationary sentence, he was not deterred from committing more crimes. *See Commonwealth v. Watson*, 228 A.3d 928, 937 (Pa. Super. 2020) ("courts can consider a defendant's prior convictions in conjunction with past unsuccessful attempts to rehabilitate, or the fact that the new crimes violated parole, or that the defendant's ongoing criminal record demonstrated a threat to public safety . .

- 11 -

. even though the guidelines take into account those prior convictions.") (citation omitted).

Appellant also argues the trial court imposed a sentence that "is cruel and unusual and unreasonable in that it is essentially a life sentence for the Appellant." Appellant's Brief at 26. The court responded:

> Regarding [Appellant's] claim that his sentence is a *de facto* life sentence, [Appellant's] claim lacks merit. In ***Commonwealth v. Bradley***, 237 A.3d 1131 (Pa. Super. 2020), the appellant entered a guilty plea to various theft offenses and argued that his sentence of 17 to 34 years constituted a *de facto* life sentence. ***Id.*** at 1140. However, the Superior Court stated that the appellant incorrectly focused on the length of his total term and not the date of his potential release. ***Id.*** The appellant would be 64 years old on the date he could be released which was 14 years prior to the average life expectancy argued by the appellant. ***Id.*** Therefore, the appellant's sentence was not a *de facto* life term. ***Id.***
>
> In this case, [Appellant] was born on June 3, 1984, and was 32 years old when he was originally sentenced to serve 6 to 80 years on August 9, 2016. He received credit for the 364 days he served prior to being sentenced. When his sentence was modified on January 24, 2019, the effective date of his sentence, August 9, 2016, remained the same. [Appellant] has the potential to be released as early as 2021 when he will be approximately 37 years of age. Similar to the appellant in ***Bradley***, [Appellant] appears to be incorrectly focusing on the total length of his sentence in support of his argument that he received a *de facto* life sentence. However, in accordance with ***Bradley***, [Appellant] is clearly not serving such a sentence as he has the potential to be released at the age of 37. He is not entitled to relief.

Trial Court Opinion, 12/1/20, at 9 (citations modified).

There is no error in the court's rationale. In its discretion, the trial court imposed Appellant's sentence at count three consecutively to the other counts in this case. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super.

2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted); ***see also Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598 (Pa. Super. 2010) (explaining that defendants are not entitled to "volume discounts" when they are sentenced for multiple convictions). In sum, the record reflects that the trial court did not abuse its discretion in imposing Appellant's sentence.

Judgment of sentence affirmed.

Judge Pellegrini joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/15/2021