J-S44044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ROY BERNARDO, JR. | : | |
| | : | |
| Appellant | : | No. 241 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000160-2019

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 28, 2023**

Anthony Roy Bernardo, Jr. appeals from the judgment of sentence following his convictions for attempted delivery of marijuana, conspiracy to deliver marijuana, and carrying a firearm without a license.[1] He argues the court erred in relying on an improper consideration when it imposed his sentence and in applying the deadly weapon enhancement. We affirm in part and vacate in part the judgment of sentence, and remand for resentencing.

This case arose from a drug transaction. Bernardo was the seller, and with the help of another man, Cole Robinson, he arranged to sell marijuana to Issayah Fostion. Fostion, in turn, entered into a secret agreement with the victim, Wesley Burnett, to rob Bernardo, rather than buy marijuana from him.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 901(a), 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30); and 18 Pa.C.S.A. § 6106(a)(1), respectively.

Fostion and Burnett arrived at the agreed time and place, where Bernardo was sitting in the front passenger seat of a car. Burnett ran up to the rear passenger door, behind where Bernardo was sitting, and drew his gun. Bernardo, who was armed, pulled out his own gun. Burnett fired first, and Bernardo shot back, striking Burnett, who fled and later died.

Bernardo was charged with several crimes: attempted murder (as to Fostion), homicide generally (as to Burnett), attempted delivery of marijuana, conspiracy to deliver marijuana, and carrying a firearm without a license. He proceeded to a bench trial and argued self-defense. The judge found him not guilty of homicide and attempted murder, concluding Bernardo had prevailed on his claim of self-defense. The judge found him guilty of attempted delivery of marijuana, conspiracy to deliver marijuana, and carrying a firearm without a license.

As to the conviction for attempted delivery of marijuana, Bernardo was sentenced to a prison term of 24 to 60 months. The trial court applied the deadly weapon "used" enhancement, calculating the standard range guidelines as six to 15 months, with the aggravated range of up to 18 months.

As to the conviction for conspiracy to deliver marijuana, Bernardo was sentenced to a term of 24 to 60 months. The court again applied the deadly weapon "used" enhancement, calculating the standard range guidelines to be six to 15 months, with the aggravated range of up to 18 months.

As to the weapon possession conviction, Bernardo was sentenced to 42 to 84 months' incarceration. The standard range was 24 to 36 months, with the aggravated range up to 42 months.

Bernardo filed a post-sentence motion, which the court granted in part. The court determined that the enhancement for the use of a deadly weapon should not have been applied to the conspiracy count. At resentencing, the court imposed the same sentences on the attempted delivery of marijuana and carrying a firearm without a license convictions. However, instead of applying the deadly weapon "used" enhancement on the conspiracy conviction, it applied the deadly weapon "possessed" enhancement and imposed a slightly lesser sentence of 21 to 60 months' incarceration on that count. All the sentences were to run consecutively, for an aggregate term of 87 to 204 months' incarceration.

Bernardo filed another post-sentence motion challenging the upward departures from the guidelines. The court denied the motion, explaining in an opinion that in its view, the circumstances of the case were not typical of conspiracies and attempts to deliver marijuana and were not sufficiently accounted for by the guidelines. This appeal followed. Bernardo raises the following issues:

1. Whether the [t]rial [c]ourt committed an abuse of discretion by [s]entencing [Bernardo] outside of the aggravated range guidelines on his convictions for Attempt and Conspiracy to Deliver Marijuana without proper justification and without adequate explanation?

2. Whether the [t]rial [c]ourt erred in applying a deadly weapon enhancement to [Bernardo's s]entence for Attempt to Deliver Marijuana where [Bernardo] did not use a deadly weapon during the commission of the offense, and by failing to consider that application of sentencing enhancements are improper for inchoate crimes?

3. Whether the [t]rial [c]ourt erred in applying a deadly weapon enhancement to [Bernardo's s]entence for Conspiracy to Deliver Marijuana where there was insufficient evidence that [Bernardo] possessed a deadly weapon when he committed the Conspiracy, and by failing to consider that application of sentencing enhancements are improper for inchoate crimes?

Bernardo's Br. at 7.

Bernardo challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018). Before reviewing the merits of Bernardo's claim, we must determine whether:

> (1) the appeal was timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code.

*Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019); *see also* Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

- 4 -

Here, Bernardo has complied with the first three requirements: his appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement of the reasons for allowance of appeal. We now turn to whether Bernardo has raised a substantial question.

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010). Bernardo claims that the trial court relied on improper considerations in imposing his sentence and did not provide an adequate explanation on the record for the sentence imposed. Bernardo's Br. at 18. This presents a substantial question. *See Commonwealth v. King*, 182 A.3d 449, 454 (Pa.Super. 2018); *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*). Bernardo also argues the trial court abused its discretion by applying the deadly weapon enhancement. A challenge to the application of the deadly weapon enhancement presents a substantial question. *See Commonwealth v. Tavarez*, 174 A.3d 7, 9-10 (Pa.Super. 2017); *Commonwealth v. Raybuck*, 915 A.2d 125, 127 (Pa.Super. 2006). We will proceed to the merits of Bernardo's claims.

Bernardo first argues that even though the court stated it was not sentencing him for taking Burnett's life, "it provided no reason or explanation as to how [his] conduct in attempting or conspiring to deliver marijuana was any different than an ordinary attempt or conspiracy to deliver marijuana."

- 5 -

Bernardo's Br. at 22. Bernardo also argues that the court "provided no explanation, other than the fact Mr. Burnett lost his life, to justify running the sentence at each count consecutive to one another[.]" *Id.* Bernardo concludes that "by considering *only* the fact that Mr. Burnett lost his life, and by providing no other reason to deviate from the aggravated range guidelines, the [t]rial [c]ourt abused its discretion[.]" *Id.* at 23 (emphasis in original).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa.Super. 2018) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (citation omitted). In imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Where the court has the benefit of a pre-sentence investigation ("PSI") report, we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that the court place its reasoning on the record to be satisfied. *Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 26 (Pa.Super. 2017). In conducting appellate review, we may not reweigh the sentencing factors and impose our own judgment in

place of that of the trial court. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009).

Here, although the court sentenced Bernardo outside the sentencing guidelines, "[i]t is well established that the [s]entencing [g]uidelines are purely advisory in nature." ***Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007). A "sentencing court is permitted to deviate from the sentencing guidelines; however, the court must place on the record its reasons for the deviation." ***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa.Super. 2009) (citation omitted). Indeed,

> the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa.Super. 2012) (citation and brackets omitted).

At sentencing, the court said that although it was not sentencing Bernardo "for taking Wesley Burnett's life," stating explicitly that it had found the shooting "justified," it was nonetheless considering the killing in sentencing Bernardo. The court reiterated, "I want to be very clear, Mr. Bernardo, that you're not being sentenced today for murdering Wesley Burnett." N.T., 10/19/21, at 7-8. However, it explained that the killing and the crimes for which it had found Bernardo guilty were connected, stating,

"[T]he fact of the matter remains with respect to the drug deal that you put in motion through the assistance of Cole Robinson then with the agreement of Wesley Burnett and Issayah Fostion, Wesley Burnett lost his life." *Id.* at 8. The court further opined:

> Of course, the sentencing guidelines with respect to uncompleted drug delivery offenses and unlicensed possession of a firearm contemplate the potential for some danger. However, it cannot reasonably be argued that the sentencing guidelines account for the actual death of another human being as a result of a gunshot. The circumstances surrounding this case went so far beyond the nature of typical marijuana transaction cases. The most serious and irreversible type of harm possible resulted from these crimes: someone lost his life. [Bernardo] put into motion a chain of events that risked serious injury or death, even though he may not be legally responsible for the resulting death. In contrast, [Bernardo] has not offered any argument that the circumstances of this case are in any way typical of cases falling under the broad nature of conspiracy to deliver marijuana and attempt to deliver marijuana, in terms of either what transpired during their commission or the seriousness of harm to another individual.

Trial Court Opinion, 1/6/22, at 30-31.

We discern no abuse of discretion. To the extent the court's statement that Bernardo was not being sentenced for the death is in tension with its statement that it was considering the death when sentencing Bernardo for attempt and conspiracy, that is no reason to vacate the sentence. The court was obviously acknowledging that it had acquitted Bernardo for the killing, while simultaneously informing Bernardo that it was nonetheless considering the death as a circumstance that Bernardo's criminal activity had brought about.

Further, pursuant to precedent, the court permissibly considered the death, notwithstanding the acquittal. A court may consider "even arrests that result in acquittals, if the judge is aware of the acquittal." ***Commonwealth v. Bowers***, 25 A.3d 349, 356 (Pa.Super. 2011); ***see also Commonwealth v. Archer***, 722 A.2d 203, 212 (Pa.Super. 1998) (*en banc*); ***Commonwealth v. Tisdale***, 334 A.2d 722, 724 (Pa.Super. 1975), *abrogated on other grounds*, ***Commonwealth v. Kelly***, 78 A.3d 1136, 1145 n.8 (Pa.Super. 2013).[2] This case easily meets that test. The judge here was obviously aware that she had just acquitted him. If that were not enough, as just stated, she also made her awareness of the acquittal apparent on the record at sentencing. In addition, the court had the benefit of a PSI report. We therefore presume it weighed all relevant factors. ***Johnson-Daniels***, 167 A.3d at 26.[3]

---

[2] ***See also United States v. Watts***, 519 U.S. 148, 157 (1997) ("a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as the conduct has been proved by a preponderance"); ***Commonwealth v. Long***, Nos. 757 & 758 EDA 2019, 2020 WL 7075310, at **5 (Pa.Super. 2020) (unpublished mem.).

[3] The dissent would grant relief based on ***Commonwealth v. Ali***, 149 A.3d 29 (Pa. 2016). Its reliance on ***Ali*** is misplaced. The question before the Court in ***Ali*** was, according to the Supreme Court's opinion in that case, "Does a sentencing judge have discretion to consider victim impact evidence where the offense is not a 'crime against a person?'" ***Id.*** at 34. The Court there did not purport to render a decision on the issue we confront: the sentencing court's consideration of a death that gave rise to charges for which the defendant was acquitted. The other cases the dissent cites are similarly not dispositive on this issue. The cases either did not address this issue, or if they somehow touched on it, the portion cited is *dicta*. Nonetheless, statements in ***Ali*** are arguably in tension with the cases cited above, which have never been overruled. But we need not decide the effect of ***Ali*** on this issue to render a
*(Footnote Continued Next Page)*

Bernardo next argues the court erred in applying the deadly weapon "used" enhancement when it sentenced Bernardo for attempted delivery of marijuana. Bernardo's Br. at 23. It contends the crime of attempted delivery of marijuana was already completed before Burnett fired a shot at Bernardo. *Id.* at 24. Bernardo therefore concludes that the enhancement should not have been applied because he did not use a deadly weapon when he committed the offense of attempted delivery. We agree.

The deadly weapon "used" enhancement provisions of the sentencing guidelines require that an enhancement shall apply "when the court determines that the offender **used** a deadly weapon during the commission of the current conviction offense[.]" 204 Pa.Code § 303.10(a)(2) (emphasis added). "[T]o establish use of a deadly weapon under this provision, the record must show that the defendant used the weapon to threaten or injure the victim while committing the particular offense." *Tavarez*, 174 A.3d at 11.

Here, the record demonstrates Bernardo did not "use" a deadly weapon during the commission of the attempted delivery of marijuana, as required under 204 Pa.Code § 303.10(a)(2). Bernardo did not draw his weapon against Burnett and Fostion until *after* they had attacked him with deadly force, at

---

decision here. Even if the dissent is correct and *Ali* put a gloss on the cases permitting sentencing judges to consider conduct underlying acquitted charges, *Ali*'s "logical impact" test is satisfied. *See id.* at 38 n.6. The trial court explained the logical connection it found between the crime and the death: Bernardo's conspiratorial conduct with Robinson and Fostion to sell marijuana put into motion the circumstances that resulted in Burnett's death. *See* Tr. Ct. Op. and Order, 1/6/22, at 30-31. That was not an abuse of discretion.

which point Bernardo was no longer attempting to commit the offense of selling marijuana to them. The trial court therefore abused its discretion in applying the deadly weapon "used" enhancement to Bernardo's sentence.

Bernardo makes a similar argument in his final issue. He contends the court erred in applying the deadly weapon "possessed" enhancement when it sentenced him for conspiracy to deliver marijuana. Bernardo's Br. at 25. Bernardo argues the crime of conspiracy "was complete the moment that the first overt act was taken in furtherance of the conspiracy, which in this case was when Mr. Robinson, at [Bernardo's] request, left to go pick up [Bernardo] at [Bernardo's] house, with knowledge that [Bernardo] had the marijuana ready to sell to Mr. Fostion." *Id.* at 26. According to Bernardo, the crime of conspiracy was already completed before Bernardo and Robinson travelled to the agreed upon location and "the record is wholly void of any evidence that [Bernardo] possessed a firearm during the forming of the agreement with Mr. Robinson or during the overt act in furtherance of the agreement." *Id.* at 27.

The deadly weapon "possessed" enhancement applies "when the court determines that the offender **possessed** a deadly weapon during the commission of the current conviction offense[.]" 204 Pa.Code § 303.10(a)(1) (emphasis added).

Unlike his previous claim, Bernardo's claim concerning the enhancement on the conspiracy count has no merit. There is no dispute that Bernardo agreed with Robinson to sell marijuana to Fostion at a certain location, and that Bernardo was armed at the time he arrived there. The record establishes

- 11 -

that Bernardo was armed with a deadly weapon when he was still carrying out the conspiracy to sell marijuana. Bernardo cites no legal authority for the proposition that a conspiracy offense is completed the moment it has begun, and this Court has affirmed the application of deadly weapon enhancements to conspiracy convictions under similar circumstances. **See Commonwealth v. Pennington**, 751 A.2d 212, 217 (Pa.Super. 2000) (affirming application of deadly weapon enhancement as to the offense of conspiracy to commit robbery); **see also Commonwealth v. Matthews**, 196 A.3d 242, 252-53 (Pa.Super. 2018) (same).

Bernardo additionally argues that sentencing enhancements, in general, are not applicable to inchoate crimes, such as conspiracy. **See** Bernardo's Br. at 27. In support of his argument, he cites **Commonwealth v. Ali**, 112 A.3d 1210 (Pa.Super. 2015), *vacated and remanded on other grounds*, 149 A.3d 29 (Pa. 2016); **Commonwealth v. Young**, 922 A.2d 913 (Pa.Super. 2007); and **Commonwealth v. Adams**, 760 A.2d 33 (Pa.Super. 2000). However, Bernardo's reliance on these cases is misplaced. **Ali** and **Adams** addressed the school and youth enhancements — not the deadly weapon enhancement. **Young** also did not involve the deadly weapon enhancement, but rather a sentencing enhancement for "second or subsequent offenses" under the Controlled Substance, Drug, Device and Cosmetic Act. Moreover, section 303.10(a)(3) of the sentencing guidelines lists crimes for which the deadly weapon enhancement does not apply, and inchoate crimes are not enumerated. 204 Pa.Code § 303.10(a)(3). Thus, the court did not abuse its

discretion in applying the deadly weapon "possessed" enhancement to the conspiracy conviction.

Judgment of sentence vacated in part and affirmed in part. Case remanded for resentencing. Jurisdiction relinquished.

President Judge Panella joins the memorandum.

Judge Pellegrini files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2023